[No. 5322-9-III. Division Three. February 15, 1983.]

*In the Matter of the Personal Restraint of* BILLY GENE MORRIS, *Petitioner.*

*Carl Maxey,* for petitioner.

*Judith L. McCauley, Prosecuting Attorney,* and *Mark J. Davis, Deputy,* for respondent.

---

Roe, C.J.—William (Billy) Gene Morris seeks relief from personal restraint imposed by Douglas County convictions for second degree statutory rape and second degree assault.

When Morris was charged with second degree rape, Steven Clem was appointed as counsel. Morris pleaded guilty to the rape charge but was not immediately sentenced. Pending the presentence investigation, Morris was charged with second degree assault and first degree kidnapping for conduct subsequent to the rape. His family then hired attorney Steven Lacy. Clem never officially withdrew as counsel on the rape case. The kidnapping charge was dropped, and on June 2, 1981, Morris pleaded guilty to the latter crime of second degree assault and was sentenced to 10 years. He was represented by his second attorney, Lacy. At this same time, he was also sentenced to 10 years for the rape, the sentences to run consecutively. His first attorney, Clem, was not present during the sentencing for the first crime of rape.

Morris asks us to vacate his rape sentence and give him a new trial, alleging he was denied effective assistance of counsel at the rape sentencing. Lacy was not the attorney of record for the rape case. At the sentencing, he told the judge he was not familiar with the rape case. Nevertheless, the judge imposed a 10–year sentence for the rape.

■ Two recent cases emphasized the importance of sentencing. *See State v. Happy,* 94 Wn.2d 791, 620 P.2d 97 (1980) and *State v. Peterson,* 97 Wn.2d 864, 651 P.2d 211 (1982). Although neither of these cases addresses the present issue, both reflect the desire for a completely fair sentencing procedure. Morris, though not entitled to a specific attorney for sentencing, is entitled to one familiar with his case. In the interest of justice and expediency, we find the sentence for rape should be vacated and the cause remanded for resentencing so he can have his attorney for the rape charge present. However, the request for a new trial is denied. Morris was convicted of rape pursuant to a guilty plea. He presents no reason why this conviction should not stand.

The personal restraint petition is granted to the extent we remand for resentencing, but denied insofar as we do not grant a new trial.

GREEN and MCINTURFF, JJ., concur.