[No. 40739-2-I. Division One. January 11, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON MICHAEL STRAUSS, *Appellant*.

692

*James R. Dixon* and *Kathryn A. Russell* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *James M. Whisman, Deputy*, for respondent.

ELLINGTON, J. — This is the fourth in a series of appeals of Gordon Strauss' 1987 conviction and sentencing for second degree rape. At Mr. Strauss' fourth resentencing, the trial court imposed an exceptional sentence based on future dangerousness, relying in part on his silence and denials of guilt in finding him not amenable to treatment.

A defendant's Fifth Amendment privilege to refuse to incriminate himself extends to his silence or denials of guilt as to the crime being sentenced. Thus, use of such silence or denial to enhance punishment is improper. But because here we find the error harmless beyond a reasonable doubt, and no other error occurred, we affirm.

## Procedural History

Following Gordon Strauss' conviction of second degree rape in 1987, the trial court imposed an exceptional sentence of 120 months on grounds of deliberate cruelty, sophistication and planning, abuse of a position of trust, and future dangerousness.[1] On appeal, this court found the evidence insufficient to support the trial court's findings on the first three factors, and remanded the case for an evidentiary hearing on Mr. Strauss' prior criminal history for purposes of a future dangerousness finding.[2] *State v. Strauss*, 54 Wn. App. 408, 773 P.2d 898 (1989).

On remand, the trial court again imposed an exceptional sentence of 120 months. The court based its sentence not only on a finding of future dangerousness but also on the other aggravating factors on which its initial sentencing had been based, despite this court's decision that the evidence was insufficient to support the other aggravating factors.

Mr. Strauss appealed. The Supreme Court accepted direct review and reversed the trial court, holding that the law of the case doctrine prohibited the trial court from entering the same findings the Court of Appeals had invalidated. *State v. Strauss*, 119 Wn.2d 401, 413, 832 P.2d 78 (1992).

---

[1]The facts underlying this conviction as well as Mr. Strauss' criminal history are set out in earlier opinions issued in this matter and will not be restated here. See *State v. Strauss*, 119 Wn.2d 401, 832 P.2d 78 (1992); *State v. Strauss*, 54 Wn. App. 408, 773 P.2d 898 (1989).

[2]Future dangerousness may be the basis for an exceptional sentence for sex offenders. In order to make a finding as to a defendant's future dangerousness, the court must find both a criminal history and a lack of amenability to treatment. *State v. Pryor*, 115 Wn.2d 445, 799 P.2d 244 (1990).

The court thus vacated the trial court's findings of deliberate cruelty, sophistication and planning, and abuse of a position of trust. The court further held that nonamenability to treatment, which is one of the requisites for a finding of future dangerousness, could not be determined without a mental health professional's evaluation of Mr. Strauss. *Strauss*, 119 Wn.2d at 421. Because this had not been done, the court remanded once again.

Before Mr. Strauss' resentencing, the Supreme Court decided *State v. McNallie*, 123 Wn.2d 585, 870 P.2d 295 (1994), holding that a defendant's previous treatment history could be considered in determining future dangerousness, and that "while competent professional indications are necessary for a finding of nonamenability, proof is not limited to evaluations concurrent with sentencing." *McNallie*, 123 Wn.2d at 591. On remand for Strauss' resentencing, the trial court apparently read *McNallie* to permit proceeding without an evaluation. The trial court thus substituted "objective indications" for evaluations, found Mr. Strauss nonamenable to treatment, and reimposed the 120-month exceptional sentence based on future dangerousness.

Mr. Strauss again appealed. This court reversed and remanded for resentencing because both the law of this case, and the holdings of *McNallie* and earlier cases, required an expert opinion for determination of Mr. Strauss' amenability to treatment. *State v. Strauss*, No. 35459-1 (Wash. Ct. App. Dec. 27, 1995).

Prior to the fourth resentencing hearing, Mr. Strauss filed a statement refusing upon advice of counsel to answer any questions or participate in a psychological evaluation, asserting his constitutional right to remain silent. The State then submitted the report of Roger Wolfe, a certified sex offender treatment provider. Based upon presentence evaluations from this and prior convictions, and upon other information, Mr. Wolfe concluded that Mr. Strauss is a se-

rial compulsive rapist[3] who is not amenable to treatment. Mr. Strauss submitted the report of another certified expert, Timothy Smith, who concluded that Mr. Strauss' amenability to treatment is not determinable without Mr. Strauss' participation in an evaluation. Both evaluators testified at the resentencing hearing.

Based on "evidence in the record" and Mr. Wolfe's report and testimony, which the court found persuasive, the trial court found Mr. Strauss not amenable to treatment. As a "separate and independent basis" for its conclusion, the court found that Mr. Strauss' refusal to seek treatment makes him nonamenable to treatment and therefore more dangerous. The court again imposed a 120-month exceptional sentence based on future dangerousness. Mr. Strauss once again appeals.

## Law of the Case

■ ■ The trial court's conclusion that Mr. Strauss was not amenable to treatment was based on Mr. Wolfe's opinion and on "evidence in the record." This other evidence included facts and opinions contained in Department of Corrections' presentence reports prepared in connection with Mr. Strauss' prior convictions, results of psychological evaluations performed in prison,[4] Mr. Strauss' denials of culpability with regard to prior offenses, his denial of culpability with regard to the current offense, and his failure to seek treatment while incarcerated for prior offenses and for the current offense. Mr. Strauss first argues that the court's reliance on factors other than Mr. Wolfe's report

---

[3]Mr. Strauss challenges the court's reliance on Mr. Wolfe's opinion that Mr. Strauss is a serial compulsive rapist. Mr. Strauss failed to object to this information during sentencing, however, and is precluded from objecting for the first time on appeal. *State v. Reynolds*, 80 Wn. App. 851, 860, 912 P.2d 494 (1996).

[4]A 1988 evaluation indicated "a serious problem with sexual aggression" and categorized Mr. Strauss as a sexual sadist with an antisocial personality disorder, and further noted Mr. Strauss' "dishonesty/dangerousness."

violated the law of the case[5] because previous appellate decisions in this matter required that the sentencing court must have the benefit of the opinion of a mental health professional. *Strauss*, 119 Wn.2d at 421; *Strauss*, slip op. at 2.

Once an appellate court issues its mandate, the court's decision becomes "effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court." RAP 12.2. While Mr. Strauss is correct that the previous appellate decisions in this matter required the trial court to have and consider a mental health professional's opinion in making a determination of his amenability to treatment, those courts did not hold that such opinion must be the sole basis of the amenability determination. The trial court obtained and considered an expert's opinion, and thus complied with the requirements of previous appellate rulings. Nothing in those rulings precluded review and consideration of other evidence, and the trial court did not violate the law of the case by considering the other evidence in the record.

## Fifth Amendment

The fact that Mr. Strauss denied culpability for both his prior offenses and the current offense contributed to the trial court's nonamenability determination.[6] In addition, the court found that Mr. Strauss' failure to seek treatment for this and prior offenses rendered him nonamenable to treatment. Mr. Strauss' failure to admit to any of the sexual

---

[5]We reject the State's argument that Mr. Strauss is precluded from raising this argument for the first time on appeal. A defendant may challenge a sentence as being contrary to law for the first time on appeal. *State v. Riles*, 86 Wn. App. 10, 15, 936 P.2d 11 (1997), *aff'd*, 135 Wn.2d 326 (1998).

[6]For example, the trial court found that Mr. Strauss "has previously denied culpability for the offenses with which he has been charged and/or convicted." The court also found that Mr. Strauss' "denial of the instant offense demonstrates, again, that he takes no responsibility for his assaults and that he does not recognize his sexual deviancy." Another finding states, "According to Mr. Wolfe, a person who fails to accept responsibility for his behavior . . . is an extremely poor candidate for treatment."

assaults of which he was convicted was significant to Mr. Wolfe's opinion that Mr. Strauss is not amenable to treatment.[7]

Mr. Strauss argues that the trial court violated his Fifth Amendment privilege against self-incrimination by using, in its amenability determination, his denials of prior crimes and past refusals to seek treatment contained in prior presentencing evaluations, his refusal on Fifth Amendment grounds to seek and participate in treatment while incarcerated for the current offense, and his denials of the current offense. The analysis of this issue is best accomplished by discussing Mr. Strauss' conduct with respect to his prior crimes separately from his silence as to the current offense and his statements denying guilt as to the current offense.

## Silence and denials of guilt as to current offense

 No person may be compelled to be a witness against himself. This right is protected by both the federal and state constitutions.[8] Silence as an expression of the refusal to testify is also protected, and is recognized both before and after arrest. *See, e.g., State v. Easter,* 130 Wn.2d 228, 234-41, 922 P.2d 1285 (1996). Postconviction silence is also protected where testimony may result in greater punishment. *State v. Tinkham,* 74 Wn. App. 102, 108, 871 P.2d 1127 (1994). Thus, a defendant's silence may not be used to show lack of remorse as an aggravating factor. *State v. Garibay,* 67 Wn. App. 773, 782, 841 P.2d 49 (1992).

Denials of guilt may be the equivalents of silence. The *Garibay* court held that "[t]rial courts may not use a de-

[7]Mr. Wolfe concluded, "Given Mr. Strauss' lack of accountability and refusal to acknowledge any level of culpability, it is my belief that meaningful sexual deviancy treatment is not possible at this time."

[8]The Fifth Amendment to the United States Constitution states, in part, no person "shall . . . be compelled in any criminal case to be a witness against himself." This provision applies to states through the Fourteenth Amendment. *Malloy v. Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964). WASHINGTON CONSTITUTION article I, section 9 states: "[n]o person shall be compelled in any criminal case to give evidence against himself." Our interpretation of the two provisions remains the same. *State v. Easter,* 130 Wn.2d 228, 235, 922 P.2d 1285 (1996).

fendant's silence or continued denial of guilt as a basis for justifying an exceptional sentence." *Id.* In *In re Personal Restraint of Ecklund*, 91 Wn. App. 440, 450, 957 P.2d 1290 (1998), the Parole Board indicated it would consider the defendant rehabilitated only if he admitted his guilt and, because he did not, the Board imposed an exceptional minimum term. The court held that allowing the Board to use Ecklund's denial of guilt to show lack of rehabilitation or future dangerousness would be tantamount to " 'holding that the defendant who exercises his constitutional right not to incriminate himself . . . has thereby operated to increase his own punishment.' " *Id.* at 451 (quoting *State v. Crutchfield*, 53 Wn. App. 916, 926, 771 P.2d 746 (1989)).

In the present case, the trial court specifically mentioned Mr. Strauss' denial of the current offense as a factor demonstrating nonamenability to treatment. Similarly, the court partly based its nonamenability determination on Mr. Strauss' refusal, on Fifth Amendment grounds, to seek or participate in sexual deviancy evaluations or treatment while incarcerated for the present offense. This was error. Mr. Strauss' denials of the current offense and his silence with respect to the current offense, in the form of his refusal to seek or participate in treatment, are not proper bases upon which to justify the exceptional sentence.

Past denials of other offenses and past refusals to participate in or seek treatment

■ Use of current denials of past offenses and past refusals to participate in or seek treatment, however, calls for a different analysis. A defendant's refusal to accept responsibility for his or her own conduct is an important factor in the determination of amenability to treatment for sexual deviancy. Here, evaluator Roger Wolfe cited Mr. Strauss' "lack of accountability and refusal to acknowledge any level of culpability" for all his offenses, in concluding that "meaningful sexual deviancy treatment is not possible at this time." Mr. Wolfe also cited Mr. Strauss' continued denials of his crimes, his denial of having "any sort of problem," and his failure to seek treatment at any time.

Use of information regarding a defendant's conduct, including statements about crimes already punished, does not violate the Fifth Amendment. Statements in interviews while incarcerated are not compelled and not protected by the privilege. *See State v. Post*, 118 Wn.2d 596, 608-09, 826 P.2d 172, 837 P.2d 599 (1992). Statements about past offenses already punished cannot incriminate Mr. Strauss as to those offenses, nor increase his punishment for those offenses. *See United States v. Rodriguez*, 706 F.2d 31, 36 (2d Cir. 1983) ("An otherwise valid Fifth Amendment privilege may be lost by a conviction."); *United States v. Pool*, 660 F.2d 547, 556 (5th Cir. 1981) (" 'once a person is convicted of a crime, he no longer has the privilege against self-incrimination as he can no longer be incriminated by his testimony about said crime' ") (quoting *Reina v. United States*, 364 U.S. 507, 513, 81 S. Ct. 260, 5 L. Ed. 2d 249 (1960)); *see also* 8 JOHN HENRY WIGMORE, EVIDENCE § 2279 at 481 (John T. McNaughton ed., rev. ed. 1961) (noting that the principle that an act for which a person has been convicted no longer tends to incriminate is "universally conceded"). We see no Fifth Amendment implications in the trial court's consideration of such conduct or statements in determining punishment for a different offense.

Here, in the presentence evaluation process for this offense and in interviews while incarcerated for the other offenses, Mr. Strauss denied any responsibility for two prior crimes against women—despite his guilty pleas in both cases.[9] Consideration of such information in the amenability determination is appropriate. *Cf. State v. McNallie*, 123 Wn.2d 585, 591, 870 P.2d 295 (1994) ("while competent professional indications are necessary for a finding of nonamenability, proof is not limited to evaluations concurrent with sentencing"). The trial court did not err by consider-

---

[9]We reject Mr. Strauss' argument that the trial court's finding that he denied committing the prior offenses was clearly erroneous in light of his guilty pleas. The record contains numerous reports and presentence evaluations stating that Mr. Strauss maintained his innocence of all prior crimes of which he was convicted, including those for which he entered guilty pleas.

ing Mr. Strauss' prior denials and prior refusals to seek treatment in making its amenability determination.

## Validity of Exceptional Sentence

██ To the extent the exceptional sentence was premised on Mr. Strauss' silence and denials of guilt with respect to the current offense, the trial court erred. Such error necessitates reversal unless it is harmless. A constitutional error is harmless only if we are convinced beyond a reasonable doubt that the same result would be reached absent the error. *Easter,* 130 Wn.2d at 242.

A review of the record shows that Mr. Strauss' silence and denials with respect to the current offense constituted a minimal part of the court's analysis of his amenability to treatment. In fact, the trial court found that Mr. Strauss' refusal to seek or participate in treatment while incarcerated for the current offense was a "separate and independent basis" for the exceptional sentence. The substantial other evidence in the record, consideration of which does not implicate Mr. Strauss' rights under the Fifth Amendment, compels agreement with the trial court's determination that Mr. Strauss is not amenable to treatment. The court's determination as to Mr. Strauss' future dangerousness therefore rests firmly on constitutionally appropriate grounds. Because we are certain the sentence would have been the same absent the error, we find the court's error harmless.

Affirmed.

Agid, A.C.J., and Cox, J., concur.