17 P.3d 1237 (2001)
STATE of Washington, Respondent,
v.
Steven MONTGOMERY, Appellant.
No. 44065-9-I.
Court of Appeals of Washington, Division 1.
February 5, 2001.
*1238 Catherine Chaney, David Koch, Nielsen Broman & Associates, Seattle, for Appellant.
James W. Whisman, King County Prosecuting Attorneys Office, Appellate Unit, Seattle, for Respondent.
GROSSE, J.
A legislative increase in the length of the maximum sentence eligible for Sex Offender Sentencing Alternatives (SOSA) operates in conjunction with an increase in the sentence ranges for a sex offender contained in the same act. Montgomery does not qualify under the increased SOSA sentence limit because he was sentenced under the older, lower sentence ranges. Thus, we affirm the trial court's denial of Montgomery's SOSA petition.
A jury convicted Steven Montgomery of rape of a child in the first degree, and child molestation in the first degree. Both the information filed against Montgomery and the "to convict" jury instruction listing the elements for each count described the crime as occurring during the period January 1, 1996 to August 18, 1997.
Montgomery received a sentence of 124 months and petitioned for SOSA. Prior to July 1997, an offender whose sentence exceeded 8 years was not eligible for SOSA. Effective July 25, 1997, the Legislature increased the maximum sentence an offender may receive and still be eligible for SOSA from 8 to 11 years.[1] Montgomery's sentence was for a total of 124 months. Thus, Montgomery did not qualify for SOSA under the older 8-year sentence limit, but would qualify under the new 11-year sentence limit. The sentence limit was increased at the same time that the sentence ranges for certain sex offenses were raised.[2] The trial court held that Montgomery was technically eligible for SOSA under the increased sentence maximum, but denied his request after finding that he was not an appropriate candidate. The trial court's explanation of its denial was that Montgomery's taking the case to trial indicated his unwillingness to acknowledge his problem and thus he was not amenable to treatment. The trial court also relied on the SOSA evaluator's report which stated that the only thing differentiating Montgomery from other successful community treatment candidates was that Montgomery caused his victim to go to trial.
1. Montgomery was not eligible for SOSA.
Under SOSA, certain first-time sex offenders may receive a suspended sentence if they comply with a treatment program as ordered by the court.[3] Potentially eligible *1239 offenders only qualify for SOSA if the length of their sentence does not exceed the statutorily specified maximum term.[4] Even if an offender is eligible for SOSA, the decision to grant it is discretionary on the part of the sentencing judge and is determined after a sentence otherwise has been imposed.[5]
Montgomery argues that the higher sentence ranges and the increase in the SOSA sentence limit operate independently of each other and that he is eligible for SOSA under the increased sentence limit.[6] However, nothing in the amendments indicates that the Legislature intended them to operate independently of each other. They were enacted together in a single law under the title "Sex Offender-Sentencing." Other than the increase in the sentence limit for SOSA eligibility, the amendments all had the effect of increasing the seriousness levels and severity of sex offender sentences.
SOSA is a rehabilitative alternative to standard sentences that operates in relation to the standard sentences. Given the increase in seriousness levels, it was necessary to increase the SOSA sentence limit in order to preserve the same level of SOSA eligibility. Thus, we hold that the increase in the SOSA sentence limit is tied to and operates in conjunction with the higher sentence ranges.
The law amending sex offender sentencing increased the seriousness level, and thus the sentencing range for rape of a child in the first degree, a crime for which Montgomery was convicted. If the 1997 sentencing amendments were applied to Montgomery, on count 1, rape of a child in the first degree, he would face a standard sentence range of 120-160 months instead of 102-136 months. However, because the evidence in this case encompassed a charging period both before and after the effective date of the penalty increase, Montgomery cannot now be subjected to the increased range.[7]
Montgomery was properly sentenced under the lower sentence range that existed prior to the sex offender sentencing amendments. The SOSA sentence limit pertaining to that sentence range was 8 years. Montgomery is not eligible for SOSA under the 11-year limit because it operates in conjunction with increased sentence ranges, which did not apply to him.
2. The trial court erred when it denied SOSA.
The trial court's reason for denying SOSA to Montgomery was that he caused his victim to go to trial.[8] This was a violation of Montgomery's constitutional rights. Notwithstanding the common belief that an offender must accept past deviancy in order for treatment to be successful,[9] the minimal protections provided by the United States Constitution may not be violated.[10] A defendant may not be subjected to more severe punishment for exercising his constitutional right to stand trial.[11]
*1240 The trial court erred when it denied SOSA to Montgomery because he took the case to trial. But because Montgomery was not properly eligible for SOSA in the first place, that error is moot.
A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.
BECKER, J., and ELLINGTON, J., concurred.
NOTES
[1] Laws of 1997, ch. 340, § 2. The law became effective 90 days after the legislative session adjourned, which was April 27, 1997. See Hallin v. Trent, 94 Wash.2d 671, 675, 619 P.2d 357 (1980) (stating that unless otherwise indicated, legislation becomes effective 90 days after the adjournment of the Legislature).
[2] The sentence ranges were increased indirectly through an increase in the seriousness level of the offenses.
[3] RCW 9.94A.120(8)(a). Offenders who violate RCW 9A.44.050 (rape in the second degree), or commit a sex offense that is also a serious violent offense, or have a prior conviction for a sex offense, are excluded from SOSA per RCW 9.94A.120(8)(a)(i).
[4] RCW 9.94A.120(8)(a)(ii).
[5] RCW 9.94A.120(8)(a)(ii).
[6] If the increase in the sentence limit did operate independent of the increased sentences as Montgomery claims, and was therefore remedial, his retroactivity analysis is unnecessary because the increase in the sentence maximum was enacted during the period when his crimes were charged.
[7] State v. Parker, 132 Wash.2d 182, 191, 937 P.2d 575 (1997).
[8] The court quoted the SOSA evaluator's statement that the sole difference between Montgomery and other offenders found acceptable for community treatment was that Montgomery caused his victim to go to trial. The court also stated that Montgomery's taking the case to trial was an indication of his unwillingness and inability to acknowledge what he did and his need for treatment.
[9] Although common, this belief is disputed by some in the treatment community, while even some who share that belief concede that it may be sufficient if the offender acknowledges a general problem with deviancy, but not specific criminal acts. See Jonathan Kaden, Therapy for Convicted Sex Offenders: Pursuing Rehabilitation Without Incrimination, 89 J.Crim. L. & Criminology 347, 365-673 (1998).
[10] State v. Strauss, 93 Wash.App. 691, 698, 969 P.2d 529 (1999) (citing State v. Easter, 130 Wash.2d 228, 234-41, 922 P.2d 1285 (1996)).
[11] United States v. Carter, 804 F.2d 508 (9th Cir.1986).