[No. 28971-1-III.    Division Three.    September 15, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. CESAR BRIBIESCA GUERRERO, *Appellant*.

774

*Marie J. Trombley*, for appellant.
*Gary A. Riesen, Prosecuting Attorney*, for respondent.

¶1 SIDDOWAY, J. — Cesar Bribiesca Guerrero requested, but was denied, sentencing under the drug offender sen-

tencing alternative (DOSA), RCW 9.94A.660. He appeals, arguing procedural error, that the trial court failed to meaningfully consider his request, and that the court abused its discretion by imposing a $3,000 methamphetamine lab clean-up fine. We find no error or abuse of discretion and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Mr. Bribiesca[1] was convicted of unlawful delivery of a controlled substance, with a school zone enhancement, based on his July 2009 sale of methamphetamine to a confidential informant in a controlled buy. At sentencing, defense counsel asked that Mr. Bribiesca receive a DOSA sentence, for which he was eligible. The court responded, "If the request is for a prison-based DOSA, do we not need to have an evaluation of some kind done?" to which both the State and defense counsel answered no, saying a prison-based residential evaluation was sufficient. Report of Proceedings (Apr. 12, 2010) at 145. The court went on to deny the request for a DOSA sentence, stating, "I am not overly impressed that Mr. Bribiesca is a candidate for prison-based DOSA and I am not going to impose that. I am going to accept the State's recommendation and impose the middle of the range of 40 months." *Id.* at 146-47. Addressing Mr. Bribiesca, the court said, "I would recommend that if you think you have a drug problem, that you seek some treatment while you are in [Department of Corrections] custody." *Id.* The court imposed approximately $5,000 in court costs and fines, an amount that included a $3,000 methamphetamine lab clean-up fine.

¶3 Mr. Bribiesca appealed and assigns as error (1) the court's failure to order a chemical dependency screening report prior to imposing sentence, (2) the court's alleged failure to meaningfully consider Mr. Bribiesca's request for

---

[1] Mr. Bribiesca prefers to go by this surname, which was used in the trial court. Report of Proceedings (Apr. 6, 2010) at 6.

a DOSA, and (3) the court's alleged failure to exercise discretion in imposing the methamphetamine lab clean-up fine.

## ANALYSIS

¶4 Mr. Bribiesca argues that he must be resentenced because the trial court failed to order and consider a chemical dependency screening report as required by RCW 9.94A.500(1). The State responds that a more specific statute, RCW 9.94A.660, controls and does not require the court to order such a report.

¶5 We review questions of statutory construction de novo. *City of Spokane v. Spokane County*, 158 Wn.2d 661, 672-73, 146 P.3d 893 (2006). When interpreting a statute, the court's fundamental objective is to ascertain and carry out the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). Statutes on the same subject matter must be read together to give each effect and to harmonize each with the other. *US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n*, 134 Wn.2d 74, 118, 949 P.2d 1337 (1997). Conflicts are to be reconciled and effect given to each if this can be achieved with no distortion of the language used. *Tommy P. v. Bd. of County Comm'rs*, 97 Wn.2d 385, 391-92, 645 P.2d 697 (1982). Only when two statutes dealing with the same subject matter conflict to the extent that they "cannot be harmonized" will a more specific statute supersede a general statute. *State v. Becker*, 59 Wn. App. 848, 852-53, 801 P.2d 1015 (1990).

¶6 Mr. Bribiesca relies on the following language in RCW 9.94A.500(1):

> *Unless specifically waived by the court, the court shall order* the department to complete a chemical dependency screening report before imposing a sentence upon a defendant who has been convicted of a violation of the uniform controlled substances act under chapter 69.50 RCW, a criminal solicitation to commit such a violation under chapter 9A.28 RCW, or any

felony where the court finds that the offender has a chemical dependency that has contributed to his or her offense.

(Emphasis added.) Mr. Bribiesca was convicted of violating RCW 69.50.401, unlawful delivery of a controlled substance. It is undisputed that the trial court neither ordered a chemical dependency screening report nor expressly waived preparation of a report prior to imposing its sentence.

¶7 The State points to provisions of the DOSA statute, RCW 9.94A.660, as the more specific and thereby controlling law; as of the time of the commission of Mr. Bribiesca's crime, the statute treated the preparation of chemical dependency assessments as permissive, providing that

> [i]f the court is considering the residential chemical dependency treatment-based alternative under subsection (5) of this section, then the court may order an examination of the offender as described in subsection (5) of this section. To assist the court in making its determination, the court *may* order the department to complete either or both a risk assessment report and a chemical dependency screening report as provided in RCW 9.94A.500.

Former RCW 9.94A.660 (LAWS OF 2009, ch. 389, § 2) (emphasis added). The language relied upon by the State was added by this amendment in 2009, effective immediately in the form set forth above. LAWS OF 2009, ch. 389, § 7. A modified version of the amendment became effective August 1, 2009. LAWS OF 2009, ch. 389, §§ 3, 8.

¶8 Mr. Bribiesca concedes that language of RCW 9.94A.660 treating the screening as permissive "[s]eemingly contradict[s]" his reading of RCW 9.94A.500, but nonetheless insists that it "does not relieve the court of its duty . . . to order a chemical dependency screening report before imposing sentence." Br. of Appellant at 6-7. He would reconcile the provisions by reading them to provide that a court is not required to order a chemical dependency report to assist it in deciding whether to impose a DOSA sentence,

but (absent specific waiver) is nonetheless obliged to order a chemical dependency report under RCW 9.94A.500—for what purpose, we do not know. This is a strained and unrealistic interpretation.

¶9 RCW 9.94A.660 is clear: a trial court need not order or consider any report in deciding whether an offender is an appropriate candidate for an alternative sentence. RCW 9.94A.500(1), on the other hand, is not clear how a court "specifically waive[s]" ordering a chemical dependency screening report. The most reasonable reading of the statutes together is that following the 2009 amendment of the DOSA statute, a court waives the report by declining to order one. To the extent this reading can be criticized as distorting the concept of a specific waiver, then we agree with the State that the later-adopted and more specific language of RCW 9.94A.660 controls.

¶10 Finally, even if we read RCW 9.94A.500 to require an express waiver of a chemical dependency report following the 2009 amendment to the DOSA statute, the sentencing court's technical failure to expressly waive preparation of a report was harmless. *State v. Gonzales*, 90 Wn. App. 852, 854-55, 954 P.2d 360 (employing a harmless error test when reviewing a procedural oversight committed by a sentencing court), *review denied*, 136 Wn.2d 1024 (1998). In light of the fact that the court was aware of the possibility of securing a report but expressed no interest in receiving one and its stated unwillingness to grant the DOSA request, any oversight in failing to expressly waive a report was trivial and in no way affected Mr. Bribiesca's sentence.

¶11 We affirm.

¶12 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accor-

dance with the rules governing unpublished opinions. RCW 2.06.040.

KULIK, C.J., and KORSMO, J., concur.