# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68121-4-I |
| | ) | (Consolidated with |
| Respondent, | ) | No. 68122-2-I) |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| ROBERT LEE KING, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: June 10, 2013 |
| | ) | |

Cox, J. – Generally, a trial judge's decision whether to grant a DOSA is not reviewable.[1] Robert Lee King argues that the trial court abused its discretion when it denied his request for a Drug Alternate Sentencing Alternative (DOSA) on untenable grounds. Because the trial court did not categorically refuse to consider King's request and based its denial of this request on tenable reasons, it did not abuse its discretion.

King also argues in his Statement of Additional Grounds for Review that he was denied effective assistance of counsel as a result of his attorney's failure to request a competency determination. But he fails to establish that his counsel's performance was deficient. Thus, we need not consider whether there was any prejudice to the outcome of the trial. We affirm

King was convicted of four counts of Violation of the Uniform Controlled Substances Act (VUCSA) in two separate trials. At the sentencing hearing for all

---

[1] State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005) (citing State v. Bramme, 115 Wn. App. 844, 850, 64 P.3d 60 (2003)).

four counts, where King was represented by stand-in counsel, the State recommended a DOSA, pursuant to its plea agreement with King. The trial court denied this request.

King appeals.

## DENIAL OF THE DOSA

King argues that the trial court violated his constitutional rights and denied his request for a DOSA on untenable grounds. We disagree.

Generally, a trial judge's decision whether to grant a DOSA is not reviewable.[2] But "'every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered.'"[3] If a court categorically refuses to consider a statutorily authorized sentencing alternative that has been requested by the defendant, it has effectively failed to exercise its discretion.[4] Additionally, a court errs if the defendant establishes a constitutional violation in its denial of a DOSA.[5]

---

[2] Grayson, 154 Wn.2d at 338 (citing Bramme, 115 Wn. App. at 850).

[3] State v. Jones, 171 Wn. App. 52, 55, 286 P.3d 83 (2012) (emphasis in original) (quoting Grayson, 154 Wn.2d at 342).

[4] Id. (quoting Grayson, 154 Wn.2d at 342).

[5] State v. Gronnert, 122 Wn. App. 214, 225, 93 P.3d 200 (2004) (citing State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997); State v. Mail, 121 Wn.2d 707, 713, 854 P.2d 1042 (1993)).

For example, in State v. Grayson,[6] the trial court abused its discretion when its denial of Grayson's request for a DOSA was because *"the State no longer has money available to treat people who go through a DOSA program."*[7]

But, as State v. Jones demonstrates, where a trial court considers valid factors in its denial of a DOSA, its sentencing decision is not an abuse of discretion.[8] In Jones, Division Two held that the trial court did not abuse its discretion when denying Jones's request for a DOSA.

> [T]he record shows that the trial court considered several factors in deciding whether to grant Jones's request for a DOSA: Jones's criminal history, whether he would benefit from treatment, and whether a DOSA would serve him or the community. . . . Because the trial court did not refuse to consider [Jones] for a prison-based DOSA, it did not abuse its discretion.[9]

Here, as in Jones, the trial court enunciated several reasons for denying King's request for a DOSA. The trial court noted that King had "been in the federal system or the State system" for years. The court also pointed to King's mental health issues, noting that King reported he had received treatment in federal prison, but it had not helped. Specifically, the court stated:

> You just—you don't—you said it yourself, you don't know anything else but how to deal drugs. So you can buy your weed so you can stay calm. And so there's nothing before this Court. I mean, I don't

---

[6] 154 Wn.2d 333, 111 P.3d 1183 (2005).

[7] Id. at 337 (emphasis in original).

[8] 171 Wn. App. 52, 55, 286 P.3d 83 (2012).

[9] Id. at 55-56.

3

have an evaluation that's been done that shows your ability to succeed with treatment.[10]

Given the information before it, the court found that imposing a DOSA was "setting [King] up to fail . . . ."[11] "You haven't been able to follow through on just coming to court. What makes me think you are going to follow through on a DOSA?"[12] It concluded that the standard range sentence was more appropriate for King and for the community:

> I will impose the 18 months and run it concurrently. But I think in the long run you are going to do less time on the bottom of the range than this midrange deal of a DOSA. I think a DOSA is doing you and our community a disservice.[13]

Thus, the trial court's denial of King's DOSA request was based on specific, tenable grounds and was not an abuse of discretion.

King argues that the trial court denied the DOSA on untenable grounds because it considered his trial testimony as a basis for this denial. He relies on State v. Montgomery.[14] That reliance is misplaced.

There, the trial court denied Montgomery's request for a special sexual offender sentencing alternative (SSOSA).[15] "The trial court's reason for denying

---

[10] Report of Proceedings (Nov. 30, 2011) at 14.

[11] Id. at 15.

[12] Id.

[13] Id.

[14] 105 Wn. App. 442, 17 P.3d 1237 (2001).

[15] Id. at 443-44.

SSOSA to Montgomery was that he caused his victim to go to trial."[16] This rationale, the Montgomery court held, was a violation of Montgomery's right as a defendant "not [to] be subjected to more severe punishment for exercising his constitutional right to stand trial."[17] In so holding, this court noted that the trial court *only* considered Montgomery's decision to proceed to trial.[18] King argues just as a defendant has a constitutional right to proceed to trial, he also has a right to testify at trial.[19] Thus, King argues, the trial court subjected him to more severe punishment for exercising his constitutional right to testify.

Here, the trial court cited several reasons for denying a DOSA for King, as noted above. One of these was a consideration of King's trial testimony. Unlike Montgomery, this was not any violation of King's constitutional right to testify at trial. The court had other, independent reasons to support its decision, the reference to trial testimony being only one. Because the trial court relied on several factors in addition to King's testimony, its denial of the DOSA was not an abuse of discretion.

King also argues that the trial court denied his request for a DOSA on untenable grounds because it did not have a treatment evaluation and because

---

[16] Id. at 446.

[17] Id. (citing United States v. Carter, 804 F.2d 508 (9th Cir. 1986)).

[18] Id. (emphasis added).

[19] Brief of Appellant at 7-8; see Rock v. Arkansas, 483 U.S. 44, 49, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987) ("At this point in the development of our adversary system, it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense.").

his trial counsel was not present at his sentencing hearing. Neither argument is meritorious.

As noted above, the trial court did not deny the DOSA recommendation on untenable grounds. It concluded that King's many years of incarceration, together with his mental illness, his inability to report to court hearings, and his trial testimony, demonstrated that he would not be a good DOSA candidate.

It is true that the court did not order a presentence report or a treatment evaluation prior to sentencing. But, as Division Three of this court recently held, under RCW 9.94A.660, "a trial court need not order or consider any report in deciding whether an offender is an appropriate candidate for an alternative sentence."[20] And any failure to expressly waive the need for such a report is harmless, given that the court "was aware of the possibility of securing a report but" did not order one.[21]

Nor does the fact that King had stand-in counsel at sentencing mean that the trial court's denial of the DOSA was on untenable grounds. Though King's sentencing counsel was not familiar with King's trial testimony, the trial court did not rely only on that testimony in denying the DOSA. Further, King's stand-in counsel offered arguments why King's trial testimony should not be considered and why King merited a DOSA.

---

[20] State v. Bribiesca Guerrero, 163 Wn. App. 773, 778, 261 P.3d 197 (2011), review denied, 173 Wn.2d 1018 (2012).

[21] Id.

6

King argues that this case is akin to In re Personal Restraint of Morris.[22] It is not.

There, Morris brought a personal restraint petition alleging that he had received ineffective assistance of counsel.[23] Morris was represented by two separate attorneys for two separate counts: second degree rape and second degree assault.[24] At sentencing for both counts, the attorney handling the rape charge was not present.[25] Division Three of this court held that although "not entitled to a specific attorney for sentencing, [Morris was] entitled to one familiar with his case."[26] It then vacated the second degree rape conviction and remanded for a new sentencing hearing.[27] Here, unlike in Morris, King was represented by an attorney for all charged counts. Consequently, in contrast to Morris, King was able to present an argument for a DOSA to the trial court.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his Statement of Additional Grounds for Review, King primarily argues that he was denied effective assistance of counsel because his counsel did not raise his competency during trial. We disagree.

---

[22] 34 Wn. App. 23, 658 P.2d 1279 (1983).

[23] Id. at 24.

[24] Id.

[25] Id.

[26] Id.

[27] Id. at 24-25.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance both fell below an objective standard of reasonableness and that the deficient performance prejudiced his trial.[28] To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have been different absent counsel's deficient performance.[29] Failure on either prong of the test defeats a claim of ineffective assistance of counsel.[30] "When defense counsel knows or has reason to know of a defendant's incompetency, tactics cannot excuse failure to raise competency at any time 'so long as such incapacity continues.'"[31]

Here, there is no evidence of deficient performance. There is nothing in the record that indicates that King's counsel knew or had reason to know that King was incompetent. Though defense counsel knew, at the very least, that King was taking medication for mental illness, the evidence in the record indicates that King understood the charges against him and was able to assist in his own defense. His testimony at trial was coherent and articulate. He also complained to the trial court about the strategic decisions that his counsel was making, thus indicating that he could and did assist her in his own defense.

---

[28] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

[29] State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

[30] Strickland, 466 U.S. at 697.

[31] In re Pers. Restraint of Fleming, 142 Wn.2d 853, 867, 16 P.3d 610 (2001) (quoting RCW 10.77.050).

Because there was no deficient performance, we need not address the prejudice prong of his claim.

King's ineffective assistance of counsel claim fails.

King also appears to argue that he was competent to stand trial. On this limited record, he has failed to establish that claim.

Due process prohibits "the conviction of a person who is not competent to stand trial."[32] Additionally, in Washington RCW 10.77.050 provides that "[n]o incompetent person [shall] be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues." "The two-part test for legal competency for a criminal defendant in Washington is as follows: (1) whether the defendant understands the nature of the charges; and (2) whether he is capable of assisting in his defense."[33]

Here, King testified at his trial and made several arguments to the court regarding his case. He was able to coherently argue that his trial counsel was not listening to his arguments, and was then later able to testify as to his version of events regarding his VUCSA charges. Thus, he fails to overcome the

---

[32] Fleming, 142 Wn.2d at 861 (citing Drope v. Missouri, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966)).

[33] Id. at 862 (citing State v. Hahn, 106 Wn.2d 885, 894, 726 P.2d 25 (1986); former RCW 10.77.010 (2010)).

presumption of competency that applies.[34] Consequently, he fails to establish either of the two prongs to establish that he was not competent to stand trial.

King also contends that his counsel did not seek a court order to help him to obtain his medication, and thus he was unable to assist her in his own defense. But King's counsel did raise King's difficulty in obtaining his medication at trial. In response, the court agreed that it would "do an order." Thus, this argument is not persuasive.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_____

_____

---

[34] See State v. Harris, 114 Wn.2d 419, 440, 789 P.2d 60 (1990) (noting the process required to allow the defendant to "overcome the strong presumption of sanity").