IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33605-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RAVEN SHADESTY NEWMAN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Raven Shadesty Newman appeals the trial

court's denial of a drug offender sentencing alternative (DOSA), arguing that the

trial court misunderstood the statute and its discretion. We conclude that the trial

court did not abuse its discretion and affirm.

FACTS

On July 15, 2014, Raven Newman sold methamphetamine to a confidential

informant. Following trial, a jury found Ms. Newman guilty of delivery of

methamphetamine.

Before sentencing, Ms. Newman filed a motion requesting a DOSA. She submitted multiple letters supporting the request that described Ms. Newman as a good mother and a caring friend and daughter, and detailed her dedicated and loyal personality. None of the letters indicate that Ms. Newman has a drug problem. Two mention that she has had some problems, but neither connect those problems to drugs.

The trial court entered an order for a presentence examination. The substance abuse screening report summary indicated that "the offender may suffer from a substance use disorder and . . . WILL . . . benefit from a substance abuse assessment. And/OR . . . [t]he offender had a prior substance abuse assessment and was diagnosed with a Substance Use Disorder." Clerk's Papers at 70. It also indicated that the earliest treatment start date was July 22, 2015.

At sentencing, the State objected to the imposition of the DOSA because the report failed to address Ms. Newman's addiction. The State also pointed out that Ms. Newman's conviction was for delivery, not possession. Defense counsel countered that nothing disqualified Ms. Newman from receiving a DOSA. Ms. Newman addressed the court and said that she needed drug treatment, but did not state that she had a drug addiction.

The trial court extensively discussed the lack of information in the substance abuse screening report. In sentencing Ms. Newman, the trial court said:

> The report is supposed to indicate whether the addiction is such that there's a probability—that there's criminal behavior—that criminal behavior will occur in the future.—actually says—yeah—criminal behavior. So, I think what the legislature is getting at there is that—will treatment prevent this person from—committing this offense in the future. I don't see that conclusion here. . . . And here the question would be, would Ms. Newman be less likely to sell drugs in the future if she wasn't addicted to drugs . . . . I'm not convinced that that would be the case here, that treatment would solve the problem of—of selling or delivering drugs.

Report of Proceedings (July 14, 2015) at 25-27. The trial court imposed a standard range sentence and included treatment as a community custody condition.

## ANALYSIS

The sole issue before us is whether the trial court abused its discretion in denying Ms. Newman's request for a DOSA. Ms. Newman argues that the trial court's denial of her DOSA request was an abuse of discretion because it was based on its misapprehension of the statute and its sentencing authority.

Generally, "'a standard range sentence, of which a DOSA is an alternate form, may not be appealed.'" *State v. White*, 123 Wn. App. 106, 113, 97 P.3d 34 (2004) (quoting *State v. Smith*, 118 Wn. App. 288, 292, 75 P.3d 986 (2003)). However, "it is well established that appellate review is still available for the

3

correction of legal errors or abuses of discretion in the determination of what sentence applies." *State Williams*, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003). Discretion is abused if a sentencing court's decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). A trial court abuses its discretion if it erroneously believes it does not have discretion. *State v. Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007).

RCW 9.94A.660(3) reads, in pertinent part, "[i]f the sentencing court determines that the offender is eligible for an alternative sentence under this section and that the alternative sentence is appropriate," the court shall impose a sentencing alternative. The purpose of a DOSA is to provide meaningful treatment and rehabilitation incentives for those convicted of drug crimes when the trial court determines it would be in the best interests of both the individual and the community. *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014). RCW 9.94A.660(4) grants a sentencing court the discretion to request a chemical dependency screening report.

Ms. Newman argues that the trial court misapprehended RCW 9.94A.660 and its sentencing authority. She maintains that it is not clear that the court would have imposed the same sentence if the court recognized its discretion. Ms. Newman interprets the trial court's statements regarding the inadequacy of the residential screening report to mean that the trial court believed that it was incapable of imposing a DOSA without a more thorough report. Ms. Newman correctly points out that such a report is not mandatory. RCW 9.94A.660(4); *State v. Guerrero*, 163 Wn. App. 773, 778, 261 P.3d 197 (2011).

The remainder of her argument, however, fails because there is no evidence in the record to support Ms. Newman's argument that the trial court misapprehended its authority. The trial court articulated its frustrations with the minimal information in the report, but eventually denied the DOSA sentence because it concluded that a DOSA would not stop Ms. Newman from continuing to sell drugs. The trial court did not misapprehend either the statute or its sentencing authority and did not abuse its discretion in choosing not to impose a DOSA.

No. 33605-1-III
*State v. Newman*

Affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

6