# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52500-3-II |
| Respondent, | |
| v. | |
| QIUORDAI LEWIS TAYLOR, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Qiuordai Lewis Taylor appeals his judgment and sentence, arguing that he is entitled to another remand for resentencing because the sentencing court abused its discretion by not exercising its discretion to conduct a full resentencing hearing. Taylor also argues that he received ineffective assistance of counsel because his counsel did not request that the sentencing court conduct a full resentencing hearing on remand. We disagree and hold that the sentencing court did not abuse its discretion when it followed the mandate of the Court of Appeals and our explicit instructions, and that Taylor's counsel was not deficient for not requesting a full resentencing, and thus, his claim of ineffective assistance of counsel fails. Accordingly, we affirm the judgment and sentence.

## FACTS

In November 2014, Taylor along with two other men, Duprea Romon Wilson and Taijon Voorhees, set out to rob a marijuana dispensary, but mistakenly went to the home of Harry and Janice Lodholm. The three forced themselves into the Lodholm's home, where they held the

Lodholms at gunpoint. The intruders bound the Lodholms, leaving them on their living room floor while ransacking their home.

When the intruders left the house, Harry escaped his bonds, freed Janice, and locked the front door. A shot was fired from outside the front door, and Harry retreated to the bedroom with Janice. Harry then shot Voorhees when he attempted to enter the bedroom, and the three intruders fled. Rather than taking Voorhees to a hospital, where Taylor and Wilson feared questioning, the two drove Voorhees to an apartment complex in Federal Way. By the time Taylor and Wilson left Voorhees in the complex's parking lot, Voorhees had died from the gunshot wounds. Taylor and Wilson were later arrested.

The State charged Taylor with one count of first degree manslaughter, two counts of first degree assault, two counts of first degree robbery, two counts of first degree kidnapping, one count of first degree burglary, and three counts of second degree assault with all but one count with firearms enhancement and one count with a deadly weapon enhancement. A jury found Taylor guilty on all counts.

Taylor was 17 years old at the time he committed the crimes and more than 18 years old at the time of sentencing. The court sentenced Taylor to 102 months on the first degree manslaughter conviction (Count I) and 0 months on the remaining convictions (Counts II-XI). The court imposed an additional 564 months for consecutive firearm enhancements on each count except for the second degree assault with a knife (Count XI) where it imposed a deadly weapon enhancement. The court sentenced Taylor to a total of 666 months.

Taylor appealed his judgment and sentence.  On appeal, Taylor argued that (1) insufficient evidence supported his convictions for first degree manslaughter, first degree assault, and the firearm enhancements, (2) the sentencing court failed to instruct the jury on the duty to render aid, (3) the convictions for assault with a knife and first degree robbery violated double jeopardy, and (4) the sentencing court erred by finding that the first degree manslaughter and two counts of first degree assault convictions were not the same criminal conduct.

We found that insufficient evidence supported the firearm sentencing enhancement on the first degree manslaughter conviction (Count I) and a scrivener's error listed a firearm sentencing enhancement on the second degree assault with a knife (Count XI) where it was charged as a deadly weapon enhancement, and we rejected Taylor's other claims.  We held as follows:

> [W]e affirm . . . Taylor's convictions, but we dismiss the firearm sentencing enhancements on the manslaughter conviction[] with prejudice.  We also sua sponte remand for correction of the judgment and sentence[] to reflect that one of . . . Taylor's convictions was subject to a deadly weapon enhancement, not a firearm sentencing enhancement.

*State v. Taylor*, 2018 WL 509086, at *1.  Taylor sought discretionary review, but the Supreme Court denied the petition.  *State v. Taylor*, 190 Wn.2d 1022, 418 P.3d 803 (2018).

On remand, the sentencing court agreed with the parties that this court mandated with explicit instructions to correct the judgment and sentence.  The sentencing court was ordered to dismiss the 60 month firearm enhancement on the first degree manslaughter conviction (Count I) and reduce Taylor's sentence by 60 months to a revised total sentence of 606 months, and correct the judgment and sentence for Count XI accordingly.  The court stated:

> I will say, for the record, I've had other cases [where] the Court of Appeals says, "and do a resentencing hearing," meaning hearing from everybody again. That's not what it said this time; it's pretty direct.

Verbatim Report of Proceedings (VRP) (Sept. 14, 2018) at 8.

Based on this court's mandate, the sentencing court dismissed the 60 month firearm enhancement on the first degree manslaughter conviction (Count I) and reduced Taylor's sentence by 60 months to a revised total sentence of 606 months, and corrected the judgment and sentence for Count XI accordingly.

Taylor appeals the judgment and sentence.

ANALYSIS

I. RESENTENCING

Taylor argues that the sentencing court on remand abused its discretion by failing to conduct a full resentencing hearing and consider his youthfulness when imposing the firearm and deadly weapon enhancements. We disagree and hold that the sentencing court on remand was constrained by the Court of Appeals mandate to follow our explicit instructions on remand, and thus, it did not abuse its discretion.

Under the law of the case doctrine, the holding of an appellate court decision "must be followed in all of the subsequent stages of the same litigation." *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). This doctrine promotes finality and efficiency. *Schwab*, 163 Wn.2d at 672. "Once an appellate court issues its mandate, the court's decision becomes 'effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court.'" *State v. Strauss*, 93 Wn. App. 691, 697, 969 P.2d 529 (1999) (quoting RAP 12.2).

When the appellate court issues a directive that leaves no discretion to the lower court, the lower court must comply. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). When a mandate merely remands for further proceedings, compliance with that mandate is reviewed for an abuse of discretion. *Kilgore*, 167 Wn.2d at 42-43 (finding that the sentencing court did not abuse its discretion following remand for further specific proceedings). Thus, we review the superior court's decisions on remand for an abuse of discretion. *Kilgore*, 167 Wn.2d at 43.

Here, we instructed the sentencing court to dismiss the 60 month firearm enhancement on the manslaughter conviction (Count I) and revise his sentence, and correct the judgment and sentence to reflect a deadly weapon enhancement on the second degree assault with a knife conviction (Count XI), not a firearm sentencing enhancement. We held as follows:

> [W]e affirm . . . Taylor's convictions, but we dismiss the firearm sentencing enhancements on the manslaughter conviction[] with prejudice. We also sua sponte remand for correction of the judgment and sentence[] to reflect that one of . . . Taylor's convictions was subject to a deadly weapon enhancement, not a firearm sentencing enhancement.

*State v. Taylor*, 2018 WL 509086, at *1.

When addressing its authority on remand, the sentencing court stated:

> I will say, for the record, I've had other cases [where] the Court of Appeals says "and do a resentencing hearing," meaning hearing from everybody again. That's not what it said this time; it's pretty direct.

VRP (Sept. 14, 2018) at 8. The sentencing court followed the mandate and our explicit instructions.

We hold that the sentencing court did not abuse its discretion on remand when it followed the Court of Appeals mandate and our explicit instructions.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Taylor next argues that he received ineffective assistance of counsel because on remand, his counsel did not request a full resentencing hearing to consider his youthfulness when imposing the firearm and deadly weapon enhancements.   We disagree and hold that Taylor's counsel was not deficient, and thus, his claim of ineffective assistance of counsel fails.

To establish ineffective assistance of counsel, Taylor must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different.  *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).   We presume strongly that counsel's performance was reasonable.  *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

As discussed above, the sentencing court on remand was obligated to follow the Court of Appeals mandate and our explicit instructions.  Requesting the court to conduct a full resentencing hearing would amount to asking the court to deviate from our explicit instructions on remand. Taylor fails to show that his counsel's request for a full resentencing contrary to the mandate would have been granted.  Thus, he fails to show his counsel was deficient.  Accordingly, we hold that Taylor's claim of ineffective assistance of counsel fails.

CONCLUSION

We hold that the sentencing court did not abuse its discretion when it followed the mandate of this court and our explicit instructions on remand and that Taylor's counsel was not ineffective. Accordingly, we affirm Taylor's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
LEE, C.J.

_____
WORSWICK, J.