IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38870-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS JAMES OLSEN-RASMUSSEN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Thomas James Olsen-Rasmussen appeals his 21-month sentence, claiming the trial court committed legal error in failing to recognize its discretion to impose a Drug Offender Sentencing Alternative (DOSA). We disagree and affirm.

FACTS

On March 30, 2022, a jury convicted Thomas Olsen-Rasmussen of one count of unlawful possession of a firearm in the first degree and one count of carrying a loaded pistol in a vehicle. After the jury was excused, the trial court asked the parties for proposed sentencing dates. Mr. Olsen-Rasmussen's attorney requested a date two weeks out. The court then set sentencing for April 13.

On April 1, the State submitted a sentencing memorandum, requesting a midrange sentence of 24 months' incarceration for count 1 and 90 days' incarceration for count 2.

Defense counsel did not file a sentencing memorandum.

On the morning of April 13, Mr. Olsen-Rasmussen's attorney made a special court appearance and orally requested a two-week continuance. Defense counsel explained he had a personal conflict later that afternoon and he would like more time to prepare a sentencing memorandum. The court granted counsel's continuance motion over the State's objection and sentencing was rescheduled for April 27. The court ordered any sentencing memorandum be filed no later than April 22. Mr. Olsen-Rasmussen's attorney agreed to the court's briefing schedule. However, defense counsel never filed a sentencing memorandum.

The parties appeared for sentencing as scheduled on April 27. When the defense addressed the court, counsel requested it either impose a minimum sentence or grant a continuance in order to explore the possibility of a DOSA. Defense counsel explained he talked to Mr. Olsen-Rasmussen that morning and his client had asked about the possibility of a DOSA. Defense counsel stated that there was some evidence to support a DOSA since Mr. Olsen-Rasmussen was found in possession of methamphetamine at the time of his arrest. However, defense counsel also recognized that a DOSA request would need to be made in advance of a sentencing hearing.

No. 38870-1-III
*State v. Olsen-Rasmussen*

After hearing from defense counsel, the sentencing court asked Mr. Olsen-Rasmussen if there was anything he would like to say. Mr. Olsen-Rasmussen stated his attorney had covered everything.

The sentencing court began its sentencing discussion by making the following comments:

> THE COURT: . . . [T]o the extent that—substances played a part in the offense . . . I would have expected something well in advance of today. I don't feel that that's legitimately on the table, particularly since the basis of the continuance was for the purpose of the defense to provide some type of memorandum in response to the state's memorandum to tell me what the—what options I might have, —options they were looking at, and that didn't occur.
> So here we are. You know? We're—precisely the same situation we were on the day the jury found—found guilt.
> . . . .
>
> I certainly take no pleasure in—in being here today. I would have hoped that there would have been other avenues explored before we go to trial and now sentencing. But those aren't my decisions. My decisions must be made solely on what's in front of me. Today is the day set for sentencing.
>
> . . . .
>
> I find that the range of punishment is 21 to 27 months. I have not been provided with either a reason or a brief in support of that reason for a mitigated sentence of some sort. And I—certainly not anything I relish doing, is—person who's never been in the adult system, let alone— substantial time in the county jail—to prison. But that's the only options I have, I believe, today. I don't think—DOSA's on the table. I haven't seen a formal request for that, —proposed order. And that leaves me just with this prison term.

Rep. of Proc. (Apr. 27, 2022) at 272-74.

3

The court then sentenced Mr. Olsen-Rasmussen to a low-end term of 21 months in prison for count 1 and 90 days for count 2, to run concurrently. Although the court had determined that Mr. Olsen-Rasmussen was indigent, it imposed a $500 crime victim penalty assessment and a $100 DNA (deoxyribonucleic acid) collection fee. The judgment and sentence also included a $200 criminal filing fee notation, even though the trial court did not specifically order one.

Mr. Olsen-Rasmussen has filed a timely appeal challenging his sentence.

## ANALYSIS

A standard range sentence is generally not appealable. RCW 9.94A.585(1). This is true for a sentencing court's decision not to impose a DOSA. *State v. Bramme*, 115 Wn. App. 844, 850, 64 P.3d 60 (2003). Exceptions apply if the sentencing judge commits procedural, constitutional, or legal error. *State v. Williams*, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003) (per curiam); *State v. Mail*, 121 Wn.2d 707, 710-13, 854 P.2d 1042 (1993).

Mr. Olsen-Rasmussen claims his standard-range sentence fits within one of the exceptions to the statutory ban on appeal because the trial court committed legal error by categorically refusing his request for a DOSA. Had the trial court categorically denied a DOSA request, this would be a legal error subject to reversal on appeal. *State v. Grayson*,

4

154 Wn.2d 333, 342, 111 P.3d 1183 (2005). But the record fails to support Mr. Olsen-Rasmussen's claim that this is what happened.

Mr. Olsen-Rasmussen never asked for a DOSA. He asked for a continuance to explore the possibility of a DOSA. The trial court denied Mr. Olsen-Rasmussen's continuance request, largely because the case had already been set over at the request of defense counsel. The trial court noted that, despite being granted additional time, defense counsel had failed to provide any information that would be helpful at sentencing. The record before the court failed to provide any assurance that another continuance would yield a different result. The trial court did not abuse its discretion in denying a continuance under these circumstances. *See State v. Deskins*, 180 Wn.2d 68, 82, 322 P.3d 780 (2014).

In his briefing to this court, Mr. Olsen-Rasmussen notes the sentencing court had the discretion to grant a DOSA despite the lack of documentation supporting a request. This may be true. *See State v. Bribiesca Guerrero*, 163 Wn. App. 773, 778, 261 P.3d 197 (2011). But the sentencing court did not deny Mr. Olsen-Rasmussen a DOSA based on a deficiency in the paperwork. The sentencing court rejected the idea of a DOSA based on an inadequate factual record. This was not indicative of a categorical denial of a DOSA. It was an appropriate act of judicial discretion.

Mr. Olsen-Rasmussen seems to argue that because he was statutorily eligible for a DOSA, the trial court did not need additional information to impose a DOSA sentence. To the extent this is Mr. Olsen-Rasmussen's argument, it is unconvincing. Many defendants are statutorily eligible for a DOSA under RCW 9.94A.660(1). But a defendant's technical eligibility for a DOSA does not mean the defendant is an appropriate DOSA candidate. A DOSA is appropriate for a defendant who has a substance use disorder and is amenable to treatment. *See State v. Williams*, 199 Wn. App. 99, 112, 398 P.3d 1150 (2017). Here, while there was evidence of drug possession, there was no evidence of drug use, let alone evidence of a substance use disorder. Mr. Olsen-Rasmussen has not shown that the trial court committed legal error in imposing a low-end 21-month sentence instead of a DOSA.

In addition to his arguments regarding the DOSA, Mr. Olsen-Rasmussen contends the trial court erroneously imposed two legal financial obligations: a $100 DNA collection fee and a $200 criminal filing fee. The State agrees that neither fee should have been imposed. We accept the State's concession and direct this matter be remanded so that the DNA and criminal filing fees may be stricken from the judgment and sentence.

## CONCLUSION

The trial court's imposition of a 21-month term of imprisonment is affirmed. This matter is remanded for the limited purpose of striking the $100 DNA fee and $200 criminal filing fee from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

7