[No. 40807-1-I. Division One. June 22, 1998.]
THE STATE OF WASHINGTON, *Respondent*, v. CEDRIC JACKSON, SR., *Appellant*.

---

[24]*Cf. State v. Cole*, 128 Wn.2d 262, 288-89, 906 P.2d 925 (1995).

*Christopher Gibson* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *John McHale, Deputy*, for respondent.

BECKER, J. — Through interlinked statutes, the Legislature has unambiguously provided that "conviction," as used in RCW 10.99.040(4)(c), occurs when a plea of guilty has been accepted or when a verdict of guilty has been filed. Because Cedric Jackson had two such convictions for violating a no-contact order before committing the violations for which he was convicted in this case, the trial court correctly allowed the jury to convict him of felony violations.

In December 1993, Sharon Brandon obtained a protection order against Cedric Jackson. The order, issued pursuant to RCW 10.99.040, prohibited Jackson from having any contact with Brandon unless it was to arrange visitation with their sons. Jackson has violated this order, and similar orders, on numerous occasions.

The present appeal arises from events that occurred in January, 1997. Jackson made a series of uninvited telephone calls to Brandon, and as a result the State charged Jackson with felony violation of a domestic violence court order. The charging statute is RCW 10.99.040(4)(c), which provides:

> A willful violation of a court order issued under this section is a class C felony if the offender has *at least two previous convictions* for violating the provisions of a no-contact order . . .[1]

The information alleged each count was a felony because Jackson had at least two previous convictions for violating domestic violence no-contact orders.

The jury was allowed to consider evidence that Jackson had three previous convictions for violating provisions of a no-contact order. Jackson did not object to consideration of the earliest of these, but he did object to the two others.

The conviction which Jackson agrees should be counted

---

[1](Emphasis added.) RCW 10.99.050(2) and RCW 26.50.110(5). Violations of orders issued under RCW chapter 26.50 and RCW 10.99.050 similarly become felonies "if the offender has at least two previous convictions for violating the provisions of a no-contact order."

was for a violation that occurred in October 1994. Jackson pleaded guilty to the charge, and judgment and sentence were entered in January 1995. The two convictions to which he objects arose, respectively, from events occurring in April 1995 and May 1996. In the first of these cases, he was found guilty by a jury in March 1996. In the second case, he was found guilty by a jury in September 1996. In each case, however, entry of judgment and sentence did not occur until after the 1997 events giving rise to the present charge.

At his jury trial, Jackson objected to the admission of the 1995 and 1996 offenses. He took the position that these offenses could not be counted as previous convictions because the judgment and sentences for them were entered after Jackson made the January telephone calls. But the trial judge applied a statute defining "conviction" as the time when a guilty plea has been accepted or a verdict of guilty has been found. Because Jackson had been found guilty of the earlier offenses before making the January phone calls, the court admitted evidence of the guilty verdicts and instructed the jury that the term "conviction" includes a verdict of guilty.

■ The jury convicted Jackson of two counts of felony violations. The only issue before us is whether the trial court erred in using the definition of "conviction" that allowed the State to present evidence of the 1995 and 1996 offenses. We must therefore determine, for the purposes of the statute defining his violation as a felony, whether a "conviction" occurs after a verdict of guilty has been filed or only after entry of judgment and sentence has been entered. As this inquiry turns on the application of a statute to a specific set of facts and is entirely an issue of law, we review the trial court's decision de novo.[2]

■ ■ A straightforward progression through the links between the relevant statutes supports the reasoning and conclusion of the trial court.

---

[2]*State v. Tatum*, 74 Wn. App. 81, 86, 871 P.2d 1123 (1994).

First, the definition of "conviction" relied on by the trial court is found in RCW 9A.46.100, which provides:

> **"Convicted," time when.** As used in RCW 9.61.230, *9A.46.020*, or 9A.46.110, *a person has been "convicted" at such time as a plea of guilty has been accepted or a verdict of guilty has been filed*, notwithstanding the pendency of any future proceedings including but not limited to sentencing, posttrial motions, and appeals.

(Emphasis added.)

This statute on its face defines "convicted" as it is used in RCW 9A.46.020(2). That statute uses the term by providing that a person who harasses another is guilty of a class C felony if:

> *The person has previously been convicted in this or any other state of any crime of harassment, as defined in RCW 9A.46.060*, of the same victim or members of the victim's family or household or any person specifically named in a no-contact or no-harassment order . . .

(Emphasis added.)

In other words, the definition applies to any crime of harassment defined in RCW 9A.46.060. Among the crimes defined as "harassment" by RCW 9A.46.060 is:

> (35) Violation of a temporary or permanent protective order issued pursuant to chapter 9A.46, 10.14, *10.99, 26.09, or 26.50 RCW*.

(Emphasis added.)

Jackson's 1995 and 1996 offenses, under RCW 9A.46.060, are crimes of harassment. The RCW 9A.46.100 definition of "convicted" therefore applied to them once the guilty verdicts were filed.

The statutes are unambiguous. The Legislature has given a specific meaning to the term "convicted" in the context of violations of domestic violence no-contact orders. Because there were at least two prior offenses which count as previous convictions, there was enough evidence to support the jury's verdict of felony violations.

Affirmed.

GROSSE and WEBSTER, JJ., concur.