[No. 16707-1-III.    Division Three.    August 12, 1999.]

SPOKANE COUNTY, *Respondent*, v. TODD D. BATES, *Petitioner.*

*Matthew E. Harget*, for petitioner.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Neil H. Korbas, Deputies*, for respondent.

KURTZ, A.C.J. — Todd Bates was convicted of violating Spokane County's dog ordinance. Mr. Bates appealed his district court conviction to the superior court where it was affirmed. On discretionary review to this court, he contends the court erred in: (1) finding SPOKANE COUNTY CODE 5.04.070(6) does not require proof of knowledge as an element of the offense, (2) admitting hearsay evidence which violated his right to confrontation, and (3) admitting improper character evidence about him. We conclude SPOKANE COUNTY CODE 5.04.070(6) is a strict liability statute and does not require proof of knowledge as an element of the offense. We affirm Mr. Bates's conviction.

## FACTS

When Todd Bates visited the home of Kelly Kunz, he was accompanied by his 3-year-old pit bull named She-Ra. Also present at the Kunz home were Kelly's two children, 8-year-old Jimmy and 3-year-old Kayla, and two other adults. During the course of the evening, Kayla reached out to pet She-Ra and in so doing, slipped from an adult's

lap and onto the floor in the direction of the dog. Startled, the dog jumped over the coffee table and bit Kayla in the area of her face and head. Mr. Bates grabbed the dog, broke it free from the child's head and threw the dog outside.

Mr. Bates took Kayla and her mother to the emergency room. On the way there, Mr. Bates instructed Ms. Kunz to tell the authorities that Kayla had been bitten by a stray dog. That was the story that she initially told the police who questioned her at the hospital. Spokane County Animal Control subsequently learned that Mr. Bates's dog had caused the injuries. As a result, She-Ra was confiscated and Mr. Bates was charged by citation with the criminal offense of allowing his dog to exhibit vicious propensities under Spokane County Code 5.04.070(6).

Mr. Bates was found guilty by a jury in district court. After sentence was imposed, the court ordered the dog euthanized.

Mr. Bates appealed his conviction and also asked the court to stay the order to euthanize his dog. His motion was granted, but because the dog had been retained by Spokane County Animal Control for a period of approximately eight months at some cost to the County, the court conditioned the stay order on Mr. Bates's payment to Spokane County Animal Control of $6 per day for the continued care of the animal. When Mr. Bates failed to comply with this condition, the court lifted the stay order, and the dog was euthanized.

Mr. Bates appealed his district court conviction to superior court. On appeal, the superior court upheld the district court's decision finding: (1) Spokane County Code 5.04.070(6)—a misdemeanor offense of failing to prevent a dog from exhibiting vicious propensities—to be a strict liability offense not requiring proof that the owner knew or should have known of the dog's vicious propensities, (2) that the admission by the trial court of double hearsay testimony may have been a violation of Mr. Bates's constitutional right to confrontation but was harmless error, and (3) that the prosecutor had not committed

misconduct by his remarks to the jury. Discretionary review of the decision of the superior court was granted by this court.

## ANALYSIS

Did the court err in finding that Spokane County Code 5.04.070(6) does not require proof of knowledge as an element of the offense?

RALJ 9.1 governs the discretionary appellate review of a superior court's decision reviewing a district court's decision. *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988). "Pursuant to RALJ 9.1(a), an appellate court shall review the decisions of the district court to determine whether that court has committed any errors of law." *State v. Brokman*, 84 Wn. App. 848, 850, 930 P.2d 354 (1997). Application of a statute to a specific set of facts is an issue of law and our review is therefore de novo. *State v. Jackson*, 91 Wn. App. 488, 491, 957 P.2d 1270 (1998), *review denied*, 137 Wn.2d 1038 (1999).

In interpreting a statute, we do not construe a statute that is unambiguous. *Food Servs. v. Royal Heights, Inc.*, 123 Wn.2d 779, 784-85, 871 P.2d 590 (1994). Ambiguity exists if the language of a statute is susceptible to more than one reasonable interpretation. *Vashon Island Comm. for Self-Gov't v. Washington State Boundary Review Bd.*, 127 Wn.2d 759, 771, 903 P.2d 953 (1995). If the statute is ambiguous, the courts must construe the statute so as to effectuate the legislative intent. In so doing, we avoid a literal reading if it would result in unlikely, absurd or strained consequences. *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992). The purpose of an enactment should prevail over express but inept wording. *Id.*; *State ex rel. Royal v. Board of Yakima County Comm'rs*, 123 Wn.2d 451, 462, 869 P.2d 56 (1994).

SPOKANE COUNTY CODE 5.04.070 reads in part as follows:

5.04.070 Control of dogs.

The following dog control regulations are police regulations

designed to protect public health and safety. The owner or keeper of a dog is strictly liable to control his/her dog or dogs as required herein. This means that the penalty for violation of these regulations is imposed without regard to any wrongful intention of the violator. It is unlawful for the owner or keeper of a dog or dogs to violate any of the following regulations. The owner or keeper of a dog or dogs shall prevent said dogs from:

. . . .

(6) Exhibiting vicious propensities.

SPOKANE COUNTY CODE 5.04.020 defines vicious propensities as follows:

(8) "Exhibits vicious propensities" means:

(a) The infliction of a bite, or bites, on a human being or a domestic animal, either on public or private property.

Mr. Bates contends that SPOKANE COUNTY CODE 5.04.070(6) is not a strict liability offense and knowledge of the animal's dangerous propensities is a necessary element of the offense. He relies upon *State v. Bash*, 130 Wn.2d 594, 925 P.2d 978 (1996) for the proposition that if an ordinance does not specifically eliminate knowledge as an element, the legislative intent is that knowledge is a required element. He emphasizes the undisputed evidence at trial was that his dog had never previously bitten anyone or acted aggressively towards a child.

*Bash* involved two pit bulls which attacked and killed a 75-year-old man in a wheelchair. The owners of the dogs were charged and convicted under RCW 16.08.100(3) which states:

The owner of any dog that aggressively attacks and causes severe injury or death of any human, whether the dog has previously been declared potentially dangerous or dangerous, shall be guilty of a class C felony punishable in accordance with RCW 9A.20.021. In addition, the dog shall be immediately confiscated by an animal control authority, placed in quaran-

tine for the proper length of time, and thereafter destroyed in an expeditious and humane manner.

The court found the statute's use of the phrase "whether the dog has previously been declared potentially dangerous or dangerous" and the word "declared" made the statute ambiguous as to whether knowledge of the dog's propensity for biting was a required element of the crime. *Bash*, 130 Wn.2d at 601-04. The court reasoned that "given the nature of the crime as a felony and the harshness of the potential punishment, legislative intent to dispense with a mental element should be clear before the court concludes the statute defines a strict liability crime." *Id.* at 610.

Mr. Bates believes that SPOKANE COUNTY CODE 5.04.070(6) and RCW 16.08.100(3) are similar. Like the state statute, the Spokane ordinance is ambiguous. Instead of eliminating any kind of knowledge as an element of the crime, he argues the phrase "wrongful intention" could be interpreted to mean merely that the County is not required to prove that the owner encouraged his or her dog to bite. He further maintains that like RCW 16.08.100(3), SPOKANE COUNTY CODE 5.04.070(6) does not specifically eliminate knowledge as an element of the offense.

*Bash* was decided under the specific language of RCW 16.08.100(3), which differs significantly from the language of SPOKANE COUNTY CODE 5.04.070(6). The "whether" clause that the *Bash* court found to be ambiguous in the state statute is not included in the Spokane ordinance. SPOKANE COUNTY CODE 5.04.070(6) specifically states that the owner of a dog is "strictly liable." It goes on to explain what this means, "that the penalty for violation of these regulations is imposed without regard to any wrongful intention of the violator." In context, the statement "wrongful intention" encompasses knowledge. Although the use of the phrase "wrongful intention" may be an example of inept wording, the meaning of the statute when read as a whole is clear.

SPOKANE COUNTY CODE 5.04.070 is "designed to protect public health and safety." Owners of dogs are "strictly li-

able to control'' their dogs. If a dog owner does not prevent his dog from biting someone, he is criminally liable. Spokane County clearly wants to make dog owners responsible.

Mr. Bates also argues that the statutory scheme of SPOKANE COUNTY CODE 5.04 suggests that the drafters envisioned dog owners receiving notice prior to imposition of liability because SPOKANE COUNTY CODE 5.04.032 and 5.04.033 both require animal control officers to provide dog owners with notice when designating dogs as dangerous or potentially dangerous. SPOKANE COUNTY CODE 5.04.032 and 5.04.033 are separate civil proceedings under SPOKANE COUNTY CODE 5.04.070. SPOKANE COUNTY CODE 5.04.032 provides for the procedure of declaring a dog to be dangerous. SPOKANE COUNTY CODE 5.04.033 contains the procedure for determining that a dog is potentially dangerous. A person could be convicted under SPOKANE COUNTY CODE 5.04.070(6) and, in a separate proceeding, his dog could be declared dangerous under SPOKANE COUNTY CODE 5.04.032. A dog does not need to have gone through procedures under SPOKANE COUNTY CODE 5.04.032 or 5.04.033 before its owner can violate SPOKANE COUNTY CODE 5.04.070.

Did the court err in admitting hearsay evidence?

Mr. Bates contends the court erred in admitting Spokanimal Care director's reference to two complaints that her agency had received about Mr. Bates's dog. Mr. Bates asserts that testimony about the complaints was inadmissible hearsay that materially affected the outcome of the trial in violation of his constitutional rights to confrontation.

■■ The admission or exclusion of evidence is within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Bourgeois*, 133 Wn.2d 389, 399, 945 P.2d 1120 (1997). A court abuses its discretion where its decision is based upon untenable grounds or untenable reasons. *State v. Johnson*, 90 Wn. App. 54, 69, 950 P.2d 981 (1998).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

evidence to prove the truth of the matter asserted." ER 801(c). For purposes of the hearsay rule, a statement is "an oral or written assertion." ER 801(a). Whether a statement is hearsay depends upon the purpose for which the statement is offered. Statements not offered to prove the truth of the matter asserted, but rather offered as a basis for inferring something other than the matter asserted, are not hearsay. *State v. Collins*, 76 Wn. App. 496, 498-99, 886 P.2d 243, *review denied*, 126 Wn.2d 1016 (1995).

At trial, Mr. Bates made a hearsay objection to testimony from the Spokanimal Care director that her officers had investigated two complaints from Mr. Bates's neighbor that his dog had gone after her when she was picking up trash that the dog had scattered. Prior to this testimony, the court instructed the jury: "It will be offered, and the jury is instructed to consider this solely for the basis of notification of the defendant of the dog's status and history, not to be considered as truth of the actual incidents themselves." The Spokanimal Care director's statements were not offered to prove the substance of the neighbor's two complaints. They were offered to prove that Mr. Bates had been informed about aggressive behavior by his dog. The statements are not hearsay.

Did the court erroneously admit improper character evidence?

Mr. Bates contends that comments the prosecutor made during his opening statement and closing arguments amounted to improper character evidence. During his opening statement, the prosecutor told the jury: "She didn't want the dog in the house. She told him that, but you don't tell Mr. Bates things like that because he doesn't listen." Ms. Kunz later testified that she did not allow dogs in the house and she thought she told Mr. Bates that, but he brought his dog into her house anyway.

During cross-examination, Mr. Bates testified that he carried a firearm with him for protection because he grew up in a rough neighborhood in Detroit. In his closing argument, the prosecutor stated:

MR. KORBAS: I'm going to leave another question with you, that you do not have to answer in order to reach a verdict in this case. But I submit it's a question that I ask you to at least look at before you decide this case. And that is, what kind of a dog do you think a person who was raised in the big city, that is compelled to carry a gun to protect himself with because of his lifestyle, what kind of dog—

MR. HARGET: Objection, your Honor.

MR. KORBAS: —do you think he would have—

. . . .

THE COURT: Overruled.

MR. KORBAS: Do you think he's going to have one of those little poodles? Or is he going to have a dog capable of doing these things?

██ The prosecutor has wide latitude in drawing and expressing reasonable inferences based on the evidence, and prejudicial error does not occur unless it is unmistakable that the prosecutor is expressing a personal opinion. *State v. Papadopoulos*, 34 Wn. App. 397, 400, 662 P.2d 59, *review denied*, 100 Wn.2d 1003 (1983). It is not improper for a prosecutor to comment on his own evidence. *State v. Traweek*, 43 Wn. App. 99, 107, 715 P.2d 1148, *review denied*, 106 Wn.2d 1007 (1986), *disapproved of on other grounds by State v. Blair*, 117 Wn.2d 479, 491, 816 P.2d 718 (1991). "When counsel does no more than argue facts in evidence and suggest reasonable inferences from that evidence, there is no misconduct." *State v. Clapp*, 67 Wn. App. 263, 274, 834 P.2d 1101 (1992), *review denied*, 121 Wn.2d 1020 (1993).

The statements made by the prosecutor in his opening statement and closing arguments were reasonable inferences based upon the evidence.

Mr. Bates's conviction is affirmed.

BROWN and KATO, JJ., concur.

Review denied at 139 Wn.2d 1023 (2000).