[No. 41886-0-II.   Division Two.   October 2, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. LORIN DEWAINE
JONES, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Anthony F. Golik*, Prosecuting Attorney, and *Abigail E.
Bartlett*, Deputy, for respondent.

¶1 HUNT, J. — Lorin Dewaine Jones appeals his jury conviction for possession of a stolen vehicle and his sentence. He argues that the trial court (1) committed reversible error when it commented on the evidence at trial; and (2) erred in refusing to consider him for a prison-based drug offender sentencing alternative (DOSA)[1] during sentencing. We affirm.

## FACTS

¶2 In July 2010, Kara Magistrale reported that her car had been taken from its parking spot and that there was broken glass on the ground. The next day, Vancouver Police dispatch informed Officer Scott Telford about a car involved in a traffic complaint. Later that day, Telford observed a white 2008 Ford Focus with Oregon license plates reading 119 DTQ, which matched the description of the car involved in the traffic complaint. Telford stopped the car; the only occupant, the driver, identified himself as Lorin Dewayne Jones. While Telford was processing that information on his police car computer, he learned that the Ford Focus had been reported stolen the previous day. Telford observed that the driver's side window was gone and there was glass in the vehicle. He arrested Jones for possessing a stolen car and read him his *Miranda*[2] warnings.[3]

¶3 At trial, Telford and Magistrale testified as above. During the State's direct examination of Telford, the following colloquy took place:

Q: And the person you saw driving that vehicle on that date, is that person here in the courtroom today?

---

[1] RCW 9.94A.660.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] After acknowledging that he understood his *Miranda* warnings, Jones agreed to speak with Telford. Jones claimed that a woman named "Kayla" had allowed him to borrow the car, and that he was supposed to return it the next day; but he was unable to give Telford the woman's last name, address, phone number, or any other contact information. Verbatim Report of Proceedings at 57.

A: Yes.

Q: And can you point him out verbally by his location and the color of shirt he is wearing?

A: He is sitting at the Defendant's table. Blue shirt, t-shirt.

[STATE]: If the record can reflect that Officer Telford identified the Defendant, Lorin Jones?

[COURT]: *So shall it reflect.*

Verbatim Report of Proceedings (VRP) at 53 (emphasis added). Jones did not object. Before closing arguments, the trial court instructed the jury to disregard any statement that may have given them the impression that the court was offering her personal opinion about the value of the evidence. The jury found Jones guilty as charged.

¶4 At sentencing, Jones asked the court to consider him for a prison-based DOSA. Although acknowledging that Jones had a right to ask for a prison-based DOSA, the trial court noted that he needed "to be out of the community for a while" and that he would benefit from treatment. VRP at 138. Denying Jones' request for a DOSA screening at that time, the trial court deferred making a final determination until he appeared for sentencing on an unrelated pending charge. Ultimately, the trial court denied Jones a DOSA and sentenced him to a standard-range prison sentence. Jones appeals.

## ANALYSIS

### I. No Improper Comment on Evidence

¶5 Jones first argues that the trial court improperly commented on the evidence when it responded, "So shall it reflect," to the State's request for the record to reflect that the arresting officer had identified Jones in court. VRP at 53. This argument is meritless.

¶6 A court impermissibly comments on the evidence if it conveys to the jury the judge's personal attitude about the

merits of the case. *State v. Foster*, 91 Wn.2d 466, 481, 589 P.2d 789 (1979). "[A]ssumption of an admitted or undisputed peripheral fact does not constitute constitutionally inhibited comment." *State v. Louie*, 68 Wn.2d 304, 314, 413 P.2d 7 (1966). Here, the trial court simply stated for the record a fact that had just occurred at trial, namely that Officer Telford had identified Jones in court as the driver of the vehicle he stopped. This statement was not a comment on the evidence, it was not impermissible, and it is not a ground for reversal.

## II. DOSA

¶7 Jones also argues that the trial court abused its discretion in refusing to consider his eligibility for a prison-based DOSA and to sentence him to a DOSA by basing its refusal on an erroneous interpretation of the law. This argument also fails.

¶8 A criminal defendant may not appeal a trial court's decision to impose a standard-range sentence instead of the Drug Offender Sentencing Alternative under RCW 9.94A-.660. *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Nevertheless, "every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." *Grayson*, 154 Wn.2d at 342 (emphasis added). "[W]here a defendant has requested a sentencing alternative authorized by statute, the categorical refusal to consider the sentence . . . is effectively a failure to exercise discretion and is subject to reversal." *Grayson*, 154 Wn.2d at 342. Such is not the case here.

¶9 Contrary to Jones' contention, the trial court here did not categorically refuse to consider Jones for a prison-based DOSA. On the contrary, the record shows that the trial court considered several factors in deciding whether to grant Jones's request for a DOSA: Jones's criminal history, whether he would benefit from treatment, and whether a DOSA would serve him or the community. Ultimately, the

trial court declined to impose a prison-based DOSA because Jones was awaiting trial on another charge, stating that it did not "think it would be appropriate at [that] time." VRP at 136-37. Because the trial court did not refuse to consider him for a prison-based DOSA, it did not abuse its discretion.

¶10 We affirm.

WORSWICK, C.J., and VAN DEREN, J., concur.