IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ELLIAHS AKEEM ALLEN,<br><br>Appellant. | No. 54623-0-II<br>(consolidated with Nos. 54626-4-II<br>and 54633-7-II)<br><br><br>UNPUBLISHED OPINION |

GLASGOW, A.C.J.—After his termination from drug court, Elliahs Akeem Allen was convicted of several offenses, including unlawful possession of a controlled substance—cocaine. The trial court declined to grant Allen's request for a drug offender sentencing alternative (DOSA), RCW 9.94A.660, and it imposed community custody supervision fees. Allen appeals his unlawful possession conviction and his sentence.

We hold that the trial court did not abuse its discretion in denying Allen's request for a DOSA. However, in light of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), we reverse Allen's conviction for unlawful possession of a controlled substance and remand for resentencing on all convictions where Allen's offender score included the conviction for possession of a controlled substance. The trial court may reconsider the imposition of the supervision fee on remand.

FACTS

I. CRIMINAL CHARGES

In January 2018, Allen was identified as one of a group of men who robbed four other men while armed. When he was arrested, Allen provided a false name. The State charged Allen with first degree armed robbery and first degree criminal impersonation in cause number 18-1-00172-34.

Allen posted bail at the end of January 2018. In June, he was arrested for cocaine possession. The State charged Allen with unlawful possession of a controlled substance—cocaine in cause number 18-1-00998-34, and it later added a charge of bail jumping.

In September 2018, Allen was arrested for eluding a police vehicle. The State charged Allen with attempting to elude a pursuing police vehicle in cause number 18-1-01509-34, and it later added a charge of bail jumping.

On September 17, 2019, the State filed a second amended information in cause number 18-1-00172-34, charging Allen with second degree extortion, first degree theft, two counts of unlawful imprisonment, and two counts of fourth degree assault. Allen was no longer charged with first degree armed robbery or criminal impersonation.

On the same day, Allen signed a contract to enter drug court. The contract provided that if Allen successfully completed all components of drug court, his pending charges would be dismissed with prejudice. If he were terminated from drug court, he agreed that the trial court would determine his guilt on the pending charges based on the police reports and witness statements.

In February 2020, the State moved to terminate Allen from drug court, citing positive and missed urinalysis tests, missed sober support meetings and treatments, a cell phone violation, forged meeting slips, and a new arrest for assault. Based primarily on instances of dishonesty and the facts related to Allen's new arrest, the trial court granted the State's motion and terminated Allen from drug court.

The trial court then held a stipulated facts bench trial on the three pending cases. It found Allen guilty of second degree extortion, second degree theft, two counts of unlawful imprisonment, and one count of fourth degree assault in cause number 18-1-00172-34. It found Allen guilty of unlawful possession of a controlled substance—cocaine and bail jumping in cause number 18-1-00998-34. It found him guilty of attempting to elude a pursuing police vehicle and bail jumping in cause number 18-1-01509-34.[1]

## II. SENTENCING

Allen had no prior criminal history, but based on the charges in these three cases, he was given an offender score of 6, which included the conviction for unlawful possession of a controlled substance. At sentencing, the State requested sentences at the high end of the standard ranges, and Allen requested either a prison-based DOSA or sentences at the low end of the standard ranges.

The trial court agreed that Allen was eligible for a DOSA, but it declined to grant his request. In explaining its decision, the trial court first noted that Allen "did have some success" in drug court, and it lauded his five months of sobriety as "a big accomplishment." Verbatim Report of Proceedings (VRP) (Apr. 16, 2020) at 50. However, the trial court also noted that Allen "had

---

[1] The second bail jumping conviction was later dismissed on double jeopardy grounds.

struggles in other areas," such as difficulty finding employment, and that he had ultimately been terminated from drug court based on allegations of new criminal law violations. *Id.*

The trial court acknowledged that Allen had not been convicted of a violent felony offense, but it recalled that he was initially charged with first degree armed robbery, which is a violent felony offense. This charge was reduced to second degree extortion "because the parties decided that Mr. Allen should enter drug court." *Id.* at 52. Therefore, although Allen was not convicted of first degree robbery, the trial court considered that the "facts of that case" did "allege violent-type behaviors." *Id.*

Finally, the trial court noted that Allen was provided with the opportunity to participate in drug court, and "although he was able to remain clean and sober, many of his criminal thinking issues did not significantly change." *Id.* at 53. The trial court concluded that "under all of these circumstances," Allen was not "an appropriate candidate for a DOSA sentence." *Id.*

The trial court imposed midrange sentences on all counts. It sentenced Allen to 25.5 months of confinement and 12 months of community custody.

The trial court imposed the mandatory $500 crime victim fund assessment and $100 DNA collection fee. At sentencing, the trial court stated on the record that it would impose these two fees, but it did not discuss any other fees or whether Allen was indigent. It later found Allen was indigent for purposes of appointment of counsel on appeal, however.

The trial court imposed community custody in two cases. The judgment and sentences state, in the section on community custody rather than the section on legal financial obligations (LFOs), that while on community custody "the defendant shall . . . pay supervision fees as determined by [the Department of Corrections]." *E.g.*, Clerk's Papers at 122.

Allen appeals his conviction for unlawful possession of a controlled substance and his sentence, including the trial court's denial of his DOSA request and the requirement that he pay supervision fees.

ANALYSIS

I. DOSA

Allen first argues that the trial court abused its discretion by failing to meaningfully consider his request for a DOSA. Although he was not ultimately convicted of any violent offenses, Allen contends the trial court improperly "placed predominant weight on the fact that [he] was originally charged with a first-degree robbery—a serious offense." Br. of Appellant at 12. We disagree.

A.     Trial Court's Discretion

DOSA is a program that "authorizes trial judges to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision in an attempt to help them recover from their addictions." *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014). To be eligible for a DOSA, an offender must meet specific statutory criteria, including that they have been "convicted of a felony that is *not* a violent offense." Former RCW 9.94A.660(1)(a) (2019) (emphasis added). "If the sentencing court determines that the offender is eligible for an alternative sentence . . . *and that the alternative sentence is appropriate*, the court shall waive imposition of a sentence within the standard sentence range" and impose a prison-based or residential-based alternative. Former RCW 9.94A.660(3) (emphasis added).

Although an offender's eligibility for a DOSA is dictated by statute, whether to grant a DOSA is ultimately within the trial court's discretion. *State v. Grayson*, 154 Wn.2d 333, 335, 111

5

P.3d 1183 (2005). The trial court's discretion to determine whether a DOSA is appropriate is not limited by the statutory eligibility factors. *See Hender*, 180 Wn. App. at 900 ("[E]ligibility does not automatically lead to a DOSA sentence.").

This court has explained that the trial court may consider an offender's "criminal history, whether [they] would benefit from treatment, and whether a DOSA would serve [them] or the community," and it may decline to grant a DOSA because the offender is "awaiting trial on another charge." *State v. Jones*, 171 Wn. App. 52, 55-56, 286 P.3d 83 (2012). Division One has also held that an offender's failure to successfully complete drug court "is a tenable basis for the exercise of the court's discretion to decline to grant a DOSA." *State v. Smith*, 118 Wn. App. 288, 293, 75 P.3d 986 (2003).

Generally, the decision to deny a DOSA is not reviewable. *Grayson*, 154 Wn.2d at 338. However, a failure to meaningfully consider the sentencing alternative is an abuse of discretion. *Id.* at 342.

B.      Allen's DOSA Request

In determining Allen's *eligibility* for a DOSA, the trial court was required to review his convictions for any violent offenses. Former RCW 9.94A.660(1)(a). It correctly noted that Allen was never convicted of first degree robbery, or any other violent felony offense, and was therefore eligible for a DOSA.

However, in determining the *appropriateness* of granting a DOSA, the trial court's discretion was not limited by the same statutory factors. In addition to the nature of Allen's convictions, the trial court was permitted to consider Allen's "criminal history" more broadly and whether an alternative sentence "would serve . . . the community." *Jones*, 171 Wn. App. at 55.

6

Therefore, the trial court did not abuse its discretion by considering the violent facts underlying Allen's extortion conviction.

The trial court also considered the reason that Allen's original charge was reduced. The reduced charges gave Allen the opportunity to participate in drug court. Yet, he was terminated based, in part, on allegations of new criminal law violations. The trial court may base its denial of a DOSA on an offender's failure to successfully complete drug court. *Smith*, 118 Wn. App. at 293.

Finally, Allen contends that the trial court failed to consider his achievements in drug court and his likelihood of success in DOSA, but this contention is not supported by the record. The trial court expressly acknowledged that Allen had "some success" in drug court before it considered his struggles. VRP (Apr. 16, 2020) at 50. It also affirmed that Allen's five months of sobriety was "a big accomplishment." *Id.* But, despite being sober, Allen was arrested on a new criminal charge.

Acknowledging that Allen gained some benefits from his participation in drug court, the trial court ultimately concluded that Allen was not an appropriate candidate for a DOSA because "his criminal thinking issues did not significantly change" when he participated in the community-based treatment program. *Id.* at 53. The record shows that the trial court meaningfully considered Allen's DOSA request, and it did not abuse its discretion in denying the request.

## II. UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE

After the Washington Supreme Court decided *Blake*, Allen filed a supplemental brief asking this court to remand for the trial court to vacate his conviction for unlawful possession of a controlled substance and resentence him because that conviction was included in his offender score in all three cases. The State concedes that this is the appropriate remedy.

In *Blake*, the Supreme Court held that Washington's felony drug possession statute, former RCW 69.50.4013(1) (2017), is unconstitutional and void. 197 Wn.2d at 195. When the Supreme Court holds a statute unconstitutional, anyone who has been convicted under that statute is entitled to have their conviction vacated. *See State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005). A conviction based on an unconstitutional statute also cannot be considered in calculating an offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986).

Allen was convicted of unlawful possession of a controlled substance—cocaine, in violation of former RCW 69.50.4013(1). This conviction was included in Allen's offender score for his other conviction under the same cause number, 18-1-00998-34, as well as his convictions under cause numbers 18-1-00172-34 and 18-1-01509-34. In light of *Blake*, we accept the State's concession, reverse Allen's conviction for unlawful possession of a controlled substance, and remand for the trial court to vacate that conviction and resentence Allen in all three cases with updated offender scores.

### III. COMMUNITY SUPERVISION FEE

Allen also argues that the trial court erred by imposing a community supervision fee because this is a discretionary LFO and Allen is indigent. The trial court did not err, but we nevertheless encourage the trial court to revisit its imposition of the supervision fee on remand.

"Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]." RCW 9.94A.703(2)(d). Because the trial court may waive supervision fees, they are discretionary LFOs. *State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205 (2020). However, a discretionary

LFO is not necessarily a discretionary "cost" within the meaning of RCW 10.01.160(3). *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015).

Under RCW 10.01.160(3), "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." If the defendant is not indigent, "the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose" when determining the amount and method of payment. RCW 10.01.160(3); *see also State v. Ramirez*, 191 Wn.2d 732, 743-44, 426 P.3d 714 (2018) (requiring individualized inquiry into the defendant's ability to pay before imposing financial obligations under RCW 10.01.160(3)).

Yet, RCW 10.01.160(2) provides, "Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision." Supervision fees are not "costs" under this definition. *Spaulding*, 15 Wn. App. 2d at 537. Therefore, the trial court may impose supervision fees on an indigent defendant, and it may do so without conducting an inquiry into the defendant's ability to pay. *Id.*

This court has, however, "acknowledge[d] that the imposition of LFOs on indigent defendants can create a significant hardship" and encouraged the trial court to reevaluate the imposition of the supervision fee where "it is unclear . . . whether the trial court actually intended to impose a supervision fee as an LFO." *Id.* We also "strongly urge trial judges to consider the defendant's ability to pay before imposing fines. The barriers that LFOs impose on an offender's reintegration to society are well documented . . . and should not be imposed lightly." *Clark*, 191 Wn. App. at 376.

No. 54623-0-II

Here, the trial court did not mention supervision fees, and it did not specifically indicate that it intended only to impose mandatory fees. Nor did it evaluate Allen's ability to pay supervision fees. In light of the placement of the supervision fee language on the judgment and sentence apart from the other LFOs, and the lack of discussion on the record of whether the trial court actually intended to impose discretionary LFOs, we encourage the trial court to revisit the supervision fee on remand.

CONCLUSION

The trial court did not abuse its discretion in denying Allen's DOSA request. However, in light of the Supreme Court's opinion in *Blake*, we reverse Allen's conviction for unlawful possession of a controlled substance and remand for resentencing on all convictions where the unlawful possession conviction was included in Allen's offender score. On remand, the trial court may revisit the supervision fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Cruser, J.

Veljacic, J.