# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55999-4-II |
| Respondent, | |
| v. | |
| LEVI GARY HUNT, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—Levi Gary Hunt was convicted of three counts of felony violation of a no contact order. At sentencing, Hunt informed the trial court that he had "a drug problem," Verbatim Report of Proceedings (VRP) (July 21, 2021) at 146, and requested a prison-based Drug Offender Sentencing Alternative (DOSA) sentence under RCW 9.94A.660. The trial court concluded that a DOSA sentence would not benefit the community and denied Hunt's request.

On appeal, Hunt argues the trial court categorically refused to consider the DOSA request because there was no evidence that substance abuse contributed to the current offenses. We disagree with Hunt's characterization of the trial court's ruling, hold that the trial court properly exercised its broad discretion, and affirm Hunt's sentence.

Hunt also filed a statement of additional grounds for review (SAG). None of the issues raised in Hunt's SAG merit reversal on this record.

FACTS

The State charged Hunt by an amended information with three felony counts of violating a court order. It alleged that Hunt knowingly violated a no contact order on three separate dates and that he had "at least two prior convictions for violating the provisions of a court order," which elevated his current offenses to felonies. Clerk's Papers (CP) at 29-31; *see* RCW 26.50.110(5). The State further alleged that Hunt committed the crimes against an intimate partner, making them crimes of domestic violence. A jury found Hunt guilty as charged.

At sentencing, Hunt requested a prison-based DOSA sentence. The State did not object to this request. The trial court commented, "I don't remember hearing any evidence there was [a] substance use disorder issue." VRP (July 21, 2021) at 141. Hunt pointed out that during trial, the State asked the victim of the no contact order violation whether Hunt used methamphetamine, and she answered "yes." *Id.* at 142. The trial court declined to base its decision on that evidence, describing it as inadmissible and prejudicial.

Instead, the trial court recognized that Hunt had "three superior court cases in another county waiting for him," as well as two prior convictions for court order violations and three felony court order violations in the present case. *Id.* It summarized, "[H]e just doesn't follow court orders; that's the problem," and concluded, "This is not a substance use disorder issue that I know of." *Id.* The trial court did not allow Hunt's counsel to submit an offer of proof on this issue.

When Hunt personally addressed the trial court, he apologized and explained that he "did have a drug problem." *Id.* at 146. The trial court responded, "Well, I didn't see any evidence that it contributed to this offense. And I don't find that . . . it's of such a nature that it contributed to this offense and would contribute to your future offenses should any of them happen." *Id.* at 147.

"I am not finding that it would benefit the community to impose a DOSA sentence." *Id.* The trial court imposed a 60-month term of confinement.

Hunt appeals.

ANALYSIS

I. DOSA

Hunt argues the trial court abused its discretion when it "refused to consider" his request for a DOSA on the basis that "there was no evidence Hunt's offenses resulted from a substance abuse issue." Br. of Appellant at 6-7. He argues the eligibility criteria of RCW 9.94A.660(1)[1] consider whether an offender is eligible, not whether an offense is eligible. He further argues that there was evidence of his drug use admitted at trial, so the trial court erred by refusing to consider it.

The State does not dispute that Hunt was statutorily eligible for a DOSA, and it acknowledges that there is no statutory requirement that the underlying offense result directly from a substance use disorder. "However, the State disagrees with Hunt's characterization of the trial court's ruling." Resp't's Br. at 6. It argues the trial court did not categorically deny Hunt's DOSA request but acted within its discretion to conclude that Hunt's numerous convictions for violating court orders "were evidence of an issue other than substance abuse that needed to be punished." *Id.* at 7. The trial court "is not required to grant a DOSA request simply because an offender has a substance abuse disorder." *Id.* We agree with the State.

---

[1] RCW 9.94A.660 was amended in 2020 to take effect January 1, 2021. Because these amendments do not significantly affect this case, we cite to the current version. *See* LAWS OF 2020, ch. 252, § 1.

The DOSA program "authorizes trial judges to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision." *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005). If a defendant receives a prison-based DOSA, they will serve the first part of their sentence in confinement, receive substance use disorder treatment while incarcerated, and then serve the second part of their sentence in the community while receiving supervised treatment. *See* RCW 9.94A.662(2), (3); *State v. Van Noy*, 3 Wn. App. 2d 494, 498, 416 P.3d 751 (2018). If they fail to comply with the conditions of the DOSA, the alternative sentence may be revoked, and the defendant may serve the remainder of their sentence in prison. RCW 9.94A.662(4); *Grayson*, 154 Wn.2d at 338.

Eligibility for a DOSA is determined by statute, *see* RCW 9.94A.660(1), and it is "offender-based, not offense-based," *In re Postsentence Review of Hardy*, 9 Wn. App. 2d 44, 45, 442 P.3d 14 (2019). The offender must meet certain criteria including, for example, that they have no violent felony convictions in the past 10 years and no convictions for sex offenses requiring registration. RCW 9.94A.660(1)(c), (d)(ii). "But eligibility does not automatically lead to a DOSA sentence." *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014).

The decision of whether to grant a DOSA request is entirely within the trial court's discretion. "If the sentencing court determines that the offender is eligible for an alternative sentence under [RCW 9.94A.660] *and that the alternative sentence is appropriate*," then they will impose a DOSA. RCW 9.94A.660(3) (emphasis added). In determining whether a DOSA is appropriate, the trial court considers "[w]hether the offender suffers from a substance use disorder," whether the offender's "substance use disorder is such that there is a probability that criminal behavior will occur in the future," whether effective treatment is available, and "[w]hether

4

the offender and the community will benefit from the use of the alternative." RCW 9.94A.660(5)(a)-(d).[2]

"As a general rule, the trial judge's decision whether to grant a DOSA is not reviewable." *Grayson*, 154 Wn.2d at 338. However, a categorical refusal to consider whether a DOSA sentence is appropriate is an abuse of discretion and reversible error. *Id.* at 342. If the trial court relies on an impermissible basis to make its decision, such as personal animus toward the defendant, that is also an abuse of discretion. *State v. Lemke*, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018). But there is a clear "distinction between refusal to exercise judicial discretion at all, and the exercise of judicial discretion based on reasonable factors." *State v. Smith*, 118 Wn. App. 288, 293, 75 P.3d 986 (2003).

We have previously rejected an argument that the trial court categorically refused to consider a DOSA where the trial court considered the defendant's "criminal history, whether he would benefit from treatment, and whether a DOSA would serve him or the community." *State v. Jones*, 171 Wn. App. 52, 55, 286 P.3d 83 (2012). In *Jones*, the trial court ultimately determined that a DOSA was not appropriate because the defendant was awaiting trial on another charge. *Id.* at 56. We affirmed. *Id.*

---

[2] Since 2009, RCW 9.94A.660(5) has provided that if the trial court is considering imposing a residential DOSA, it may ask the Department of Corrections to conduct an examination of the offender that specifically addresses these four factors. This legislative amendment intended to clarify that trial courts need not order such examinations when considering a prison-based DOSA. *See* H.B. REP. ON H.B. 1791, at 3, 61st Leg., Reg. Sess. (Wash. 2009). However, trial courts must still consider these four factors when determining whether a DOSA is appropriate, regardless of whether the court is considering a residential or a prison-based DOSA, and regardless of whether it ordered an examination by the Department. *See* FINAL B. REP. ON SUBSTITUTE H.B. 1791, at 1-2, 61st Leg., Reg. Sess. (Wash. 2009).

Contrary to Hunt's argument, the trial court here did not categorically refuse to consider Hunt's request for a DOSA sentence on the basis that there was no evidence Hunt's crimes resulted from a substance use disorder. Rather, the trial court considered that Hunt had "three superior court cases in another county waiting for him," as well as two prior convictions for court order violations and three current felony court order violations. VRP (July 21, 2021) at 142. When determining whether a DOSA sentence is appropriate, it is reasonable for the trial court to consider the nature of the offender's criminal history, whether they have other charges currently pending, and whether their substance use disorder is likely to contribute to future criminal violations. *See* RCW 9.94A.660(5)(b); *Jones*, 171 Wn. App. at 55-56.

Based on this evidence, the trial court concluded that Hunt's criminality resulted from his unwillingness to "follow court orders." VRP (July 21, 2021) at 142. It denied Hunt's DOSA request, not because there was no evidence Hunt's offenses were drug related, but because it believed that substance use disorder treatment was unlikely to deter this type of criminal behavior in the future or otherwise benefit the community. *See* RCW 9.94A.660(5)(b), (d). The trial court acted within its discretion when it made this determination.

The trial court exercised its discretion, considered Hunt's request for a DOSA sentence, and reasonably determined that it was not appropriate under these circumstances.

## II. SAG

The issues raised in Hunt's SAG do not warrant relief on this record.

Hunt first argues his trial counsel was ineffective because counsel failed to timely communicate that Hunt was charged with felonies and facing up to five years of incarceration and

6

because counsel did not prepare for trial. According to Hunt, he "didn't [want to] go to trial [unprepared]" but was told that he "[had] to go through with [it]." SAG at 2.

"Effective assistance of counsel includes assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial," which necessarily requires that the defendant be fully informed of the nature of the charges against them. *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010). Counsel must also adequately prepare for trial. *See State v. K.A.B.*, 14 Wn. App. 2d 677, 706, 475 P.3d 216 (2020). But because Hunt's arguments rely on facts and evidence outside of our existing trial record, we cannot address them on direct appeal. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). A personal restraint petition is the appropriate mechanism for raising issues requiring evidence outside the record on direct appeal. *Id.*; *see also State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Next, Hunt briefly argues that he should have been charged with misdemeanors or been retried. Prosecutors have broad discretion in making charging decisions. *State v. Rice*, 174 Wn.2d 884, 901-02, 279 P.3d 849 (2012). Hunt fails to show why the charges brought against him were inappropriate or show any basis for a retrial on this record.

Ordinarily, violation of a domestic violence protection order is a gross misdemeanor. RCW 26.50.110(1)(a). However, the violation is elevated to a class C felony "if the offender has at least two previous convictions for violating the provisions of [a domestic violence protection] order." RCW 26.50.110(5). The State charged Hunt with felonies under RCW 26.50.110(5).

At trial, the trial court admitted two judgment and sentences showing that Hunt had previously pleaded guilty to violating a no contact or protection order. Hunt did not object to the admission of this evidence below, and he does not challenge the validity of these convictions on

appeal. If we were to construe Hunt's argument as a challenge to the sufficiency of the evidence against him, that argument would also fail.

The two judgment and sentences admitted at trial both state that Hunt's guilt was "fully adjudicated on December 16, 2020" by a guilty plea, but the documents were not filed with the court clerk until February 10, 2021. Exs. 3, 4. The three no contact order violations underlying the present case occurred in December 2020 and January 2021. Relying on the judgment and sentences' filing date, Hunt argued during closing that the State failed to establish Hunt's two convictions were entered *prior* to his commission of the present offenses.

Division One of this court has previously rejected the legal argument that a prior offense does not become a conviction for purposes of chapter 26.50 RCW until the judgment and sentence is entered. *See State v. Rice*, 116 Wn. App. 96, 101, 64 P.3d 651 (2003) ("[A] conviction for purposes of RCW 26.50.110(5) occurs when either a plea of guilty has been accepted or a verdict of guilty has been filed . . . . For these purposes, the entry of judgment and sentence is not relevant."); *see also State v. Jackson*, 91 Wn. App. 488, 490-91, 490 n.1, 957 P.2d 1270 (1998) (addressing similar facts to this case and considering analogous statutory language). We agree with Division One.

Finally, Hunt asks to be reconsidered for a DOSA, arguing the trial court "refused to even consider" it and asserting that all of his criminal charges in the past few years have been "100% drug related." SAG at 3. We have already considered and rejected this argument above.

No. 55999-4-II

CONCLUSION

We affirm Hunt's convictions and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Worswick, J.

Price, J.